SLIP OPINION

Cite as 2014 Ark. 367

# SUPREME COURT OF ARKANSAS

No. CR-91-206

| | |
|---|---|
| | **Opinion Delivered** September 11, 2014 |
| STEVEN LARON MCARTHUR<br>PETITIONER<br><br>V.<br><br>STATE OF ARKANSAS<br>RESPONDENT | PRO SE PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS AND MOTION FOR APPOINTMENT OF COUNSEL [LONOKE COUNTY CIRCUIT COURT, NO. 43CR-90-22]<br><br>PETITION AND MOTION DENIED. |

## PER CURIAM

In 1991, petitioner Steven Laron McArthur was found guilty by a jury of capital murder in the death of Rodney Spence in 1990. He was sentenced to life imprisonment without parole. We affirmed. *McArthur v. State*, 309 Ark. 196, 830 S.W.2d 842 (1992).

Petitioner has now filed a pro se petition in this court requesting that jurisdiction be reinvested in the trial court so that he may proceed with a petition for writ of error coram nobis. A petition for leave to proceed in the trial court is necessary because the trial court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Hooper v. State*, 2014 Ark. 16 (per curiam).

A writ of error coram nobis is an extraordinarily rare remedy, more known for its denial than its approval. *Cromeans v. State*, 2013 Ark. 273 (per curiam). The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *McDaniels v. State*, 2012 Ark. 465 (per curiam). We have held that a writ of error coram nobis is available to address certain errors that are found in one of four categories: insanity at

SLIP OPINION

the time of trial, a coerced guilty plea, material evidence withheld by the prosecutor, or a third-party confession to the crime during the time between conviction and appeal. *Charland v. State*, 2013 Ark. 452 (per curiam); *Pitts v. State*, 336 Ark. 580, 986 S.W.2d 407 (1999) (per curiam). The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the circuit court and which, through no negligence or fault of the defendant, was not brought forward before rendition of judgment. *McFerrin v. State*, 2012 Ark. 305 (per curiam); *Cloird v. State*, 2011 Ark. 303 (per curiam). The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Wright v. State*, 2014 Ark. 25 (per curiam); *Williams v. State*, 2011 Ark. 541 (per curiam). Coram-nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771; *Penn v. State*, 282 Ark. 571, 670 S.W.2d 426 (1984) (citing *Troglin v. State*, 257 Ark. 644, 519 S.W.2d 740 (1975)).

In his petition, petitioner raises three grounds for the writ. To understand the claims, a brief summary of the facts of the case is necessary. On January 21, 1990, a hunter discovered the body of sixteen-year-old Rodney Spence in Lonoke County. Spence had been shot twice in the head at close range. Spence's father testified at petitioner's trial that, on the afternoon of January 20, 1990, Spence had left his parents' home with the understanding that he would be home by 10:00 p.m. that night. Spence was driving a 1986 red Ford Ranger. Spence's uncle testified that he saw Spence later that evening, and Spence said he was going to Cabot, Arkansas. When Spence did not return home by 10:30, his parents reported him missing. His body was discovered the next day.

On January 23, 1990, a patrolman with the Plano Texas Police Department pulled over a red Ford Ranger with Arkansas plates after hearing a national broadcast to be on the lookout for the vehicle. Donald Hawley, the driver of the truck, informed the Texas authorities that he and petitioner had been in Cabot, Arkansas, the past weekend and stayed at petitioner's girfriend's apartment. Hawley stated that petitioner had left the apartment for a while on Saturday, and, when petitioner returned, he was driving the red truck, which Hawley and petitioner drove to Texas. The Plano police executed a search warrant on petitioner's sister's apartment where they found a gun in a nightstand drawer. At trial, the parties stipulated that the gun was the weapon that had been used to shoot Spence.

Donald Hawley eventually pled guilty to capital murder and testified at petitioner's trial. Hawley testified that petitioner had approached Spence in the parking lot of a grocery store in Cabot. According to Hawley, he and petitioner arranged for Spence to give them a ride to a liquor store and Spence drove them to two liquor stores and a convenience store. When Spence went inside the convenience store, petitioner informed Hawley that he was going to ask Spence to drive them to a friend's house and instructed Hawley to act sick when petitioner prompted him to do so. Petitioner then directed Spence to drive to a remote location whereupon petitioner told Hawley to feign sickness. When Spence stopped the truck, petitioner and Hawley got out of the truck on the passenger side. Spence also got out of the truck, and petitioner asked Spence for assistance in getting Hawley back into the truck. Hawley then stepped around to the rear of the truck, aimed a gun at Spence, and instructed Spence to lie on the ground and empty his pockets. Hawley testified that petitioner said, "Well, shoot him," and Hawley shot Spence

3

in the head. As the two men carried Spence's body away, petitioner stated that Spence was still alive. According to Hawley, petitioner said that he did not want to see Spence suffer, and petitioner fired a second shot into Spence's head. After killing Spence, Hawley and petitioner took Spence's truck and left for Texas.

As his first ground for the writ, petitioner asserts that he has two pieces of new evidence. The first is an undated letter from Hawley to petitioner's family in which he admits to testifying falsely that petitioner fired the second shot and explains that he only did so to avoid the death penalty and to obtain a promise of favorable treatment by the prison authorities. The other new evidence is a transcript of a pretrial discussion between Hawley and his attorney. In the statement, Hawley said that he fired both shots and also states that, when he and petitioner got to the spot where Spence's body ultimately was found, petitioner told Spence to stop the truck because Hawley was going to be sick. Hawley said in the statement that the feigned sickness was planned ahead of time and that petitioner told him to shoot Spence after Spence got out of the truck because Spence was a witness and could send them to prison. Petitioner contends that this statement was never disclosed to the defense in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).

With respect to the undated letter from Hawley to "Mrs. McArthur," the letter does not indicate that petitioner was not present when the shooting occurred or otherwise contradict Hawley's testimony concerning the plan to trick the victim into going with Hawley and petitioner. Rather, it is essentially a recantation of Hawley's testimony that petitioner fired one of the shots into Spence's head. As such, the letter is not a ground for granting a writ of error

coram nobis. A claim of recanted testimony, standing alone, is not cognizable in an error-coram-nobis proceeding. *Anderson v. State*, 2012 Ark. 270, 423 S.W.3d 20 (per curiam) (citing *Jackson v. State*, 2010 Ark. 81 (per curiam)); *Smith v. State*, 200 Ark. 767, 140 S.W.2d 675 (1940) (holding that the writ was not available to afford relief on the ground that the principal witness against the accused had recanted and that others since the accused's conviction had confessed to the crime); *see also Taylor v. State*, 303 Ark. 586, 799 S.W.2d 519 (1990) (A witness's recantation of part of his trial testimony was not a ground for the writ as recantation of testimony did not fit within the remedy.).

As to Hawley's statement to his attorney that petitioner alleges was withheld from the defense, failure to disclose evidence favorable to the defense in violation of *Brady*, if established, is cause to grant the writ. *Pitts*, 336 Ark. 580, 986 S.W.2d 407. In *Strickler v. Greene*, 527 U.S. 263 (1999), the Supreme Court revisited *Brady* and declared that, when the petitioner contends that material evidence was not disclosed to the defense, the petitioner must show that "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." 527 U.S. at 280 (quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985)). In *Strickler*, the Court also set out the three elements of a true *Brady* violation: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; and (3) prejudice must have ensued. *Strickler*, 527 U.S. 263; *Buchanan v. State*, 2010 Ark. 285 (per curiam).

Petitioner has not established a *Brady* violation with respect to Hawley's statement. First,

SLIP OPINION

he offers no substantiation for the claim that the prosecution was aware of the statement and concealed it from the defense. Secondly, even if the prosecution was aware of the statement, it was not favorable to the defense to the degree that petitioner has demonstrated that the outcome of the trial would have been different had the defense had the statement at trial. The law in Arkansas makes no distinction between the criminal liability of a principal and an accomplice. Ark. Code Ann. § 5-2-402(2) (Repl. 2006). We have held that under the accomplice-liability statute, a defendant may properly be found guilty not only of his own conduct but also of the conduct of his accomplice. *Winters v. State*, 2013 Ark. 193, 427 S.W.3d 597 (citing *Purifoy v. State*, 307 Ark. 482, 822 S.W.2d 374 (1991)). When two or more persons assist one another in the commission of a crime, each is an accomplice and criminally liable for the conduct of both. *Id.* An admission by one does not exculpate the other. *Branstetter v. State*, 346 Ark. 62, 57 S.W.3d 105 (2001). It is the petitioner's burden to show that the outcome of the proceeding would have been different had the statement been provided to the defense, and the incriminating material contained in it supports Hawley's testimony about petitioner's role in the crime with the exception of who fired the second shot. Petitioner's failure to show that the prosecution was aware of the statement and his failure to establish that the outcome of the trial would have been different had the statement been available to the defense defeat petitioner's claim of a *Brady* violation.

Petitioner further asserts that the State's withholding of evidence that was exculpatory and could have been used to impeach the State's witnesses caused his counsel to be ineffective and, further, that there were other instances in which counsel was ineffective that did not pertain

to the allegedly withheld evidence. We do not find that petitioner has established that he was prejudiced by the State's withholding of any particular evidence. Moreover, allegations of ineffective assistance of counsel are outside the purview of a coram-nobis proceeding. *Mason v. State*, 2014 Ark. 288, ___ S.W.3d ___; *Wright*, 2014 Ark. 25 (citing *State v. Tejeda-Acosta*, 2013 Ark. 217, 427 S.W.3d 673); *Watts v. State*, 2013 Ark. 485 (per curiam). Such claims are properly raised in a timely petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1. A petition for writ of error coram nobis is not a substitute for raising an issue under Rule 37.1. *Mason*, 2014 Ark. 288, ___ S.W.3d ___; *Travis v. State*, 2014 Ark. 82 (per curiam).

Petitioner next argues that the writ should issue because his conviction was based on testimony known by the State to be false. The argument is largely based on petitioner's claim that Hawley fired both shots and that the State withheld Hawley's statement admitting to having done so, thus violating *Brady*. As stated, the allegation concerning Hawley's statement does not rise to a *Brady* violation. Petitioner has not shown that there was some fundamental flaw in the proceeding against him that warrants granting the writ. *See Evans v. State*, 2012 Ark. 161 (per curiam).

To the extent that the assertions concerning the allegedly false testimony could be considered claims that the evidence was insufficient to sustain the judgment, issues concerning the sufficiency of the evidence or the credibility of witnesses are not cognizable in coram-nobis proceedings. *Philyaw v. State*, 2014 Ark. 130 (per curiam). Those issues are to be settled at trial, and, when appropriate, on the record on direct appeal. *Id.*; *Sims v. State*, 2012 Ark. 458 (per

curiam).

Finally, petitioner asks that counsel be appointed to represent him in his coram-nobis proceeding. As we find no merit to the petition, the motion is denied.

Petition and motion denied.

*Steven Laron McArthur*, pro se petitioner.

*Dustin McDaniel*, Att'y Gen., by: *Kent G. Holt*, Ass't Att'y Gen., for respondent.