SLIP OPINION

Cite as 2015 Ark. 181

# ARKANSAS SUPREME COURT

No. CR-90-43

| | | |
|---|---|---|
| DENNIS J. VENTRESS | PETITIONER | **Opinion Delivered** April 23, 2015 |
| V. | | PRO SE PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS [JEFFERSON COUNTY CIRCUIT COURT, NO. 35CR-89-76] |
| STATE OF ARKANSAS | RESPONDENT | |
| | | PETITION DENIED. |

**PER CURIAM**

In 1989, petitioner Dennis J. Ventress was found guilty by a jury of capital felony murder and sentenced to life imprisonment without the possibility of parole. We affirmed. *Ventress v. State*, 303 Ark. 194, 794 S.W.2d 619 (1990). Petitioner subsequently proceeded in the trial court with a petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 36.4 (1989). The petition was denied, and this court affirmed the order. *Ventress v. State*, CR-97-870 (Ark. Oct. 22, 1998) (unpublished per curiam).

On February 19, 2015, petitioner filed in this court the pro se petition that is now before us seeking leave to proceed in the trial court with a petition for writ of error coram nobis.[1] After a judgment has been affirmed on appeal, a petition filed in this court for leave to proceed in the trial court is necessary because the circuit court can entertain a petition for writ of error coram

---

[1] When a judgment has been affirmed, a petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis is docketed in this court under the docket number for the direct appeal.

SLIP OPINION

nobis only after we grant permission. *Dansby v. State*, 343 Ark. 635, 37 S.W.3d 599 (2001) (per curiam).

A writ of error coram nobis is an extraordinarily rare remedy, more known for its denial than its approval. *Cromeans v. State*, 2013 Ark. 273 (per curiam). The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *McDaniels v. State*, 2012 Ark. 465 (per curiam). We have held that a writ of error coram nobis is available to address certain errors that are found in one of four categories: insanity at the time of trial, a coerced guilty plea, material evidence withheld by the prosecutor, or a third-party confession to the crime during the time between conviction and appeal. *Charland v. State*, 2013 Ark. 452 (per curiam) (citing *Pitts v. State*, 336 Ark. 580, 986 S.W.2d 407 (1999) (per curiam)). The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the circuit court and which, through no negligence or fault of the defendant, was not brought forward before rendition of judgment. *Chestang v. State*, 2014 Ark. 477 (per curiam); *McFerrin v. State*, 2012 Ark. 305 (per curiam). The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Wright v. State*, 2014 Ark. 25 (per curiam). Coram-nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771.

In his petition, petitioner contends that the prosecution at his trial withheld exculpatory evidence from the defense in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). The *Brady* claim pertains to statements alleged to have been given to authorities by Ronnie Goolsby and the

information that Goolsby was offered a "sweetheart deal" in exchange for testifying against petitioner.

Petitioner and Ronnie Goolsby were jointly charged with the capital murder of a man in Jefferson County. Goolsby's case was severed, and he entered a plea of guilty to the lesser-included offense of first-degree murder. At petitioner's subsequent trial, there was no dispute that the victim had been murdered; the only issue was the manner and extent of petitioner's involvement. The testimony given to the jury set out two versions of petitioner's part in the offense.

The first version was contained in petitioner's confession in which petitioner stated that he and Goolsby planned to rob the victim and Goolsby said, "I don't leave no witnesses." Petitioner and Goolsby went to the victim's home where Goolsby went inside while petitioner watched from outside. Goolsby beat the victim to death and then let petitioner in the house where petitioner took the victim's wallet and money.

The second version was given by petitioner in his testimony at trial. He testified that he gave his initial confession only because he wanted to give the police a "lead" on Goolsby and, "I didn't know I was jeopardizing myself that much." He further testified that the correct story was that he knew that the victim was a homosexual who would pay to have sexual activity with Goolsby. He took Goolsby to the victim's house so Goolsby could prostitute himself. He waited at another location until they had time to complete their liaison and then went back to the victim's house. He heard screaming, went in, and found that Goolsby had killed the victim. Petitioner took the victim's wallet from a closet and handed it to Goolsby.

In his testimony at petitioner's trial, Goolsby agreed with the petitioner's testimony, with minor differences. Goolsby further said on the stand that, although he had been physically impaired by injuries in an automobile accident before the murder, he alone had grabbed the able-bodied victim, beat him, and strangled him to death. He conceded that he had said in his pretrial confession that petitioner murdered the victim but declared that he was mistaken in his confession and had nothing to lose by "taking the rap" at petitioner's trial because he was already serving a thirty-five-year sentence for the murder and could not be resentenced.

A *Brady* violation is established when evidence favorable to the defense is wrongfully withheld by the State. Such a violation is cause to grant the writ. *Pitts*, 336 Ark. 580, 986 S.W.2d 407. In *Strickler v. Greene*, 527 U.S. 263 (1999), the Supreme Court revisited *Brady* and declared that, when the petitioner contends that material evidence was not disclosed to the defense, the petitioner must show that "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." 527 U.S. at 280 (quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985)). In *Strickler*, the Court also set out the three elements of a true *Brady* violation: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; and (3) prejudice must have ensued. *Strickler*, 527 U.S. 263; *Buchanan v. State*, 2010 Ark. 285 (per curiam).

Petitioner here has not established a *Brady* violation. As Goolsby had entered his plea and been convicted before petitioner's trial, it is clear that petitioner's defense was aware, or could have been aware, of the plea at the time of trial. The defense was also aware of the pretrial

SLIP OPINION

statements made by petitioner and Goolsby. While petitioner alleges in his petition that he has come into possession since the trial of several statements given by Goolsby that were false and self-serving and that could have served to exculpate petitioner and for impeachment purposes, petitioner does not specify what Goolsby said in the statements or how the statements could have been used for exculpatory or impeachment purposes at his trial. He also offers nothing to establish that the statements in fact exist or that they were somehow concealed from the defense.

This court is not required to take claims of a *Brady* violation in a coram-nobis petition at face value without substantiation. *Slocum v. State*, 2014 Ark. 491 (per curiam). The application for coram-nobis relief must make a full disclosure of specific facts relied upon. *Maxwell v. State*, 2009 Ark. 309 (citing *Cloird v. State*, 357 Ark. 446, 182 S.W.3d 477 (2004)). Petitioner's mere claim that Goolsby made other statements does not establish that there was withheld evidence that meets the threshold requirements of a *Brady* violation that was both material and prejudicial such as to have prevented rendition of the judgment had it been known at the time of trial. It is petitioner's burden to demonstrate that there is a reasonable probability that the judgment of conviction would not have been rendered, or would have been prevented, had the information been disclosed at trial. *Wilson v. State*, 2014 Ark. 273 (per curiam).

Petitioner also contends at length in his petition that Goolsby should have been considered an accomplice to the murder and that the prosecution made an unfair deal to allow Goolsby to plead guilty in return for his testimony against petitioner. He appears to argue that the State wrongfully allowed an accomplice to give uncorroborated testimony against him by entering into the plea bargain. Even if Goolsby had not given testimony that was favorable to

SLIP OPINION

petitioner by admitting that he committed the murder, the claim would not be grounds for a writ of error coram nobis. Whether Goolsby was an accomplice as a matter of law was a question to be settled at trial. On direct appeal, we noted that the jury was instructed on accomplice and joint responsibility and that the defense requested an additional instruction on criminal liability when two or more persons are involved in the commission of a crime. The issue of whether Goolsby was an accomplice was thus addressed at trial. Coram-nobis proceedings do not provide a petitioner with a forum to relitigate claims of trial or appeal issues. *See Watt v. State*, 2013 Ark. 485 (per curiam) (This court does not consider in a coram-nobis action allegations that are an attempt to reargue issues addressed on appeal.). Assertions of trial error are outside the purview of a coram-nobis proceeding. *Lukach v. State*, 2014 Ark. 451 (per curiam).

To the extent that the assertions advanced by petitioner in his petition could be considered a claim that the evidence was insufficient to sustain the judgment, issues concerning the sufficiency of the evidence or the credibility of witnesses are also not cognizable in coram-nobis proceedings. *Philyaw v. State*, 2014 Ark. 130 (per curiam). Those issues too are to be settled at trial. *Id.*; *Sims v. State*, 2012 Ark. 458 (per curiam).

Petition denied.