SLIP OPINION

Cite as 2015 Ark. 397

# SUPREME COURT OF ARKANSAS

**No.** CR-08-1385

| | | |
|---|---|---|
| | | **Opinion Delivered** October 29, 2015 |
| EDWARD CARTER | | |
| | PETITIONER | PRO SE PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS AND MOTION TO AMEND PETITION |
| V. | | |
| STATE OF ARKANSAS | | [GARLAND COUNTY CIRCUIT COURT, NO. 26CR-08-142] |
| | RESPONDENT | |
| | | MOTION TO AMEND TREATED AS AMENDED PETITION; PETITION AND AMENDED PETITION DENIED. |

**PER CURIAM**

In 2008, petitioner Edward Carter was found guilty by a jury of aggravated robbery and sentenced to 360 months' imprisonment. The Arkansas Court of Appeals affirmed. *Carter v. State*, 2009 Ark. App. 683.

Now before this court is Carter's pro se petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis. Carter has also filed a motion to amend the petition in which he enlarges on the petition. Because the motion contains grounds for relief, it is evident that Carter intended it as an amendment to the petition, and we treat it as such.

The petition for leave to proceed in the trial court is necessary because the trial court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61. A writ of error

coram nobis is an extraordinarily rare remedy. *State v. Larimore*, 341 Ark. 397, 17 S.W.3d 87 (2000). Coram-nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Westerman v. State*, 2015 Ark. 69, at 4, 456 S.W.3d 374, 376; *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771. The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Newman*, 2009 Ark. 539, 354 S.W.3d 61. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Roberts*, 2013 Ark. 56, 425 S.W.3d 771.

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Id.* A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38.

Evidence adduced at Carter's trial reflected that he and Jessica Brewer were shopping at a Wal-Mart store in Hot Springs at the same time Salli Reding[1] and Shannon Smith were also shopping in the store. Both Brewer and Reding observed Carter placing video games inside his clothing. When Carter left the store without paying for the games, Reding followed him outside and confronted him about his failure to pay. At that point, Carter pulled a gun from his pocket,

---

[1] Reding's name is spelled "Redding" in the opinion rendered on direct appeal.

cocked it, and pointed it at Reding.[2] Smith testified that she did not see Carter pull out the gun but saw a gun in Carter's hand down at his side after Reding stepped back and called out, "He's got a gun." Brewer also testified to seeing a gun at Carter's side. Carter then left the parking lot with Brewer and went to a resale shop where he sold the games as used electronics.

On direct appeal, Carter argued that the State failed to prove that he had actual, unauthorized possession of merchandise from Wal-Mart, that there was no proof that a security alarm sounded when he left the store, and that no representative of the store testified to a loss of the merchandise. He contended that, without proof of the theft, there could be no aggravated robbery. The court of appeals rejected the arguments, finding that there was substantial evidence of a theft. *Carter*, 2009 Ark. App. 683, at 3. Moreover, the court of appeals held that aggravated robbery occurred when physical force was threatened even if there had been no actual transfer of property. *Id.*

As grounds for a writ of error coram nobis, Carter contends that the State violated *Brady v. Maryland*, 373 U.S. 83 (1963). A *Brady* violation is established when material evidence

---

[2]Reding, who once worked as a licensed private detective, testified to carrying a gun for her work and described Carter's gun as looking like her "nine-millimeter Glock." There was testimony from the police officer who responded to a 911 call from the scene that it was, in fact, a BB gun that was the "spitting image" of a .45 caliber handgun. Carter questions in his petition whether a judgment of conviction for aggravated robbery can be sustained if the gun was not real. A person commits aggravated robbery, however, if, with the purpose of committing a felony or misdemeanor theft, the person employs or threatens to immediately employ physical force upon another person and is armed with a deadly weapon or represents by word or conduct that he or she is armed with a deadly weapon. *See* Ark. Code Ann. §§ 5-12-102 to -103(a)(1), (2) (Repl. 2013). Carter's conduct satisfied the requirement of the statute regardless of whether the weapon was a BB gun.

favorable to the defense is wrongfully withheld by the State. *Isom v. State*, 2015 Ark. 225, 462 S.W.3d 662. In *Strickler v. Greene*, 527 U.S. 263 (1999), the Supreme Court revisited *Brady* and declared that, when the petitioner contends that material evidence was not disclosed to the defense, the petitioner must show that "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Strickler*, 527 U.S. at 280 (quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985)). In *Strickler*, the Court also set out the three elements of a true *Brady* violation: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; and (3) prejudice must have ensued. *Strickler*, 527 U.S. 263; *see Howard*, 2012 Ark. 177, 403 S.W.3d 38. Impeachment evidence that is material, as well as exculpatory evidence, falls within the *Brady* rule. *Bagley*, 473 U.S. 667. To determine whether the proposed attack on the judgment is meritorious so as to warrant the granting of permission to reinvest jurisdiction in the trial court to pursue a writ of error coram nobis, this court looks to the reasonableness of the allegations of the petition and to the existence of the probability of the truth to those claims. *Isom*, 2015 Ark. 225, 462 S.W.3d 662.

Carter bases his *Brady* claim on the following assertions: Carter did not take, or manifest the intention to take, anything of value from Reding; the only crimes that Reding could have witnessed were shoplifting by Brewer, who stole the video games, and, if Brewer passed those games to Carter, Reding was a witness only to Carter's being an accomplice to shoplifting; the State used a statement from a Wal-Mart customer as evidence that an aggravated robbery had

SLIP OPINION

occurred; Reding was a witness only to the aggravated robbery of Randall Nichols, a Wal-Mart employee; the affidavit in support of the arrest warrant for aggravated robbery recited facts that supported only a showing of shoplifting or accomplice-to-shoplifting; the victim was Wal-Mart, not Reding; Carter was charged with one crime and convicted of another because there was no robbery; in her pretrial statement, Reding speaks as though she were a police officer or "some type of store security" rather than an ordinary shopper, and this constituted a "fabricated affidavit" that was used to obtain an arrest warrant; Carter's Fifth Amendment right to remain silent was violated because the "court stated that [Carter] did not confess to a shoplifting charge so he cannot rely on it now"; Carter did not know that he was being tried for committing an aggravated robbery against Reding; the State did not disclose that Reding was testifying as a witness rather than a victim, and, as a result, she could not be asked if she believed that Carter had any intention of taking anything of value from her by threat or force; the State allowed Reding's perjured testimony to be introduced at trial. It is abundantly clear that the claims raised by Carter are challenges to the sufficiency of the evidence adduced at trial rather than a violation of *Brady* in that he has offered nothing to demonstrate that any material evidence was concealed from the defense.

We have held that issues concerning the sufficiency of the evidence are not cognizable in coram-nobis proceedings. *Ventress v. State*, 2015 Ark. 181, at 6, 461 S.W.3d 313, 317 (per curiam). The question of the sufficiency of the evidence is to be settled at trial and on the record on direct appeal. *Sims v. State*, 2012 Ark. 458 (per curiam); *see Taylor v. State*, 303 Ark. 586, 799 S.W.2d 519 (1990) (Claims of false or misleading testimony by witnesses at trial did not fit within

the scope of a coram-nobis proceeding.).

To the degree that any claim raised by Carter can be considered a claim of trial error, assertions of trial error are also outside the purview of a coram-nobis proceeding. *Howard*, 2012 Ark. 177, 403 S.W.3d 38. Even constitutional issues that could have been addressed at trial are not within the purview of the writ. *See Watts v. State*, 2013 Ark. 485, at 7 (per curiam).

Finally, Carter alleges that the State did not reveal to the defense that the prosecutor had convinced Reding to provide the affidavit used to obtain an arrest warrant and coached her as to what to say in the statement and in her testimony at trial. The claim fails to state a ground for the writ. Carter has not presented facts in support of his contention that the State withheld any pertinent information from the defense concerning Reding's pretrial statements or testimony at trial. The petitioner seeking to reinvest jurisdiction in the trial court to proceed with a coram-nobis petition bears the burden of presenting facts to support the claims for the writ because an application for the writ must make a full disclosure of specific facts relied upon and not merely state conclusions as to the nature of such facts. *Howard*, 2012 Ark. 177, 403 S.W.3d 38. Bare allegations will not suffice. *See Cloird v. State*, 357 Ark. 446, 182 S.W.3d 477 (2004). Carter has not shown that there was some material evidence withheld that would have prevented rendition of the judgment had it been known at the time of trial. *See Isom*, 2015 Ark. 225, 462 S.W.3d 662.

Motion to amend treated as amended petition; petition and amended petition denied.