SLIP OPINION

Cite as 2015 Ark. 423

# SUPREME COURT OF ARKANSAS

No. CR-02-1289

|  |  |  |  |
|---|---|---|---|
| STEVEN PINDER | | Opinion Delivered | November 12, 2015 |
| | PETITIONER | | |
| | | PRO SE SECOND PETITION TO | |
| V. | | REINVEST JURISDICTION IN THE | |
| | | TRIAL COURT TO CONSIDER A | |
| | | PETITION FOR WRIT OF ERROR | |
| | | CORAM NOBIS | |
| STATE OF ARKANSAS | | [COLUMBIA COUNTY CIRCUIT | |
| | RESPONDENT | COURT, NO. 14CR-02-30] | |

PETITION DENIED.

## PER CURIAM

In 2002, petitioner Steven Pinder was found guilty by a jury of two counts of rape and sentenced to life imprisonment. We affirmed. *Pinder v. State*, 357 Ark. 275, 166 S.W.3d 49 (2004). We subsequently affirmed the trial court's denial of Pinder's petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2002). *Pinder v. State*, CR-07-710 (Ark. May 22, 2008) (unpublished per curiam).

In 2011, Pinder filed in this court a pro se petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis in the case. In the petition, he alleged that the State withheld evidence from the defense in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). Part of the evidence alleged to have been withheld was a pretrial medical report written by Dr. Jerry Jones in which Dr. Jones reported that the victim "did retain her hymen." We rejected the claim because Pinder admitted to having known of the medical report for over seven years when he filed his petition in this court and he offered no explanation of the lengthy delay in bringing his claim. Thus, he failed to exercise the due diligence that is required in

bringing coram-nobis allegations. *Pinder v. State*, 2011 Ark. 401, at 3 (per curiam).

Pinder sought reconsideration, and we noted that, even if he had been diligent with respect to the claim, the medical report indicated that sexual abuse was suspected, that there were physical findings that were suspicious or "suggestive of sexual abuse," and that the results of the physical exam were consistent with the victim's description of what Pinder had done to her. *Pinder v. State*, 2012 Ark. 45, at 4–5 (per curiam). Accordingly, a medical report that supported the ultimate conclusion of the jury would not have prevented rendition of the judgment against Pinder had it been introduced into evidence, and it would not warrant coram-nobis relief. *Id.* at 5 (citing *Sanders v. State*, 374 Ark. 70, 285 S.W.3d 630 (2008) (per curiam)).

Now before us is Pinder's second petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis filed on September 1, 2015. The petition for leave to proceed in the trial court is necessary because the trial court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61. A writ of error coram nobis is an extraordinarily rare remedy. *State v. Larimore*, 341 Ark. 397, 17 S.W.3d 87 (2000). Coram-nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Westerman v. State*, 2015 Ark. 69, at 4, 456 S.W.3d 374, 376; *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771.

The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before

rendition of the judgment. *Newman*, 2009 Ark. 539, 354 S.W.3d 61. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Roberts*, 2013 Ark. 56, 425 S.W.3d 771.

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Id.* A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38.

As grounds for a writ of error coram nobis, Pinder contends that Dr. Ivy McGee-Reed, a doctor who testified for the State, gave false testimony that was "determinative" of the finding of guilt in his case. He contends that the State was aware that Dr. McGee-Reed's testimony was false and misleading and that his right to due process of law under the Fourteenth Amendment was denied by his being convicted on the false testimony.

Dr. McGee-Reed's testimony at issue was that the victim did not have a hymen and that her body showed indications of repeated sexual activity over a period of years. Because this testimony differed from Dr. Jones's report that the victim had a hymen and because Pinder alleges that Dr. McGee-Reed had reviewed that report, Pinder asserts that Dr. McGee-Reed knew her testimony was untrue. In addition, Pinder claims that he has newly discovered evidence obtained in 2015 that the doctor was also untruthful when she said that she had obtained her license to practice medicine in 1997 when, in fact, it had not been issued until 1999.

Pinder has not stated a ground for the writ. First, any claim that Pinder desired to raise to this court concerning Dr. Jones's report and testimony from another witness at trial that disagreed with that report could have been raised in his first coram-nobis petition. In the first petition, the report was raised as a *Brady* violation. In the instant petition, the report is again raised, but it is couched in terms of the State having committed misconduct by calling a witness whose testimony did not agree with a finding in the report. As stated, this court has already held that Pinder was not diligent in bringing allegations pertaining to the report. Pinder's attempt to raise the report again by linking it to an assertion of prosecutorial misconduct does not change this court's ruling concerning his diligence.

Furthermore, even if Pinder had not mentioned Dr. Jones's report in his allegation that Dr. McGee-Reed's testimony was false, he would not have stated a ground for the writ. He has offered no proof that the State knowingly utilized false testimony, and we have held that a petitioner's allegation that the a witness gave false testimony at trial does not give rise to a showing of fundamental error that requires issuance of the writ. *Smith v. State,* 200 Ark. 767, 140 S.W.2d 675 (1940) (holding that the writ was not available to afford relief on the ground that the principal witness against the accused had recanted and that others since the accused's conviction had confessed to the crime); *see also White v. State*, 2014 Ark. 348, 438 S.W.3d 916; *Taylor v. State*, 303 Ark. 586, 799 S.W.2d 519 (1990) (A witness's recantation of part of his trial testimony was not a ground for the writ, as recantation of testimony did not fit within the remedy.)

To the extent that Pinder's assertions concerning the allegedly false testimony could be considered a claim that the evidence was insufficient to sustain the judgment, issues concerning

the sufficiency of the evidence or the credibility of witnesses are not cognizable in coram-nobis proceedings. *McArthur v. State*, 2014 Ark. 367, at 7, 439 S.W.3d 681, 685, *cert. denied*, 135 S. Ct. 1432 (2015).

With respect to Pinder's allegation that he has newly discovered evidence that Dr McGee-Reed misstated the date that she had acquired a license to practice medicine, we have held that a writ of error coram nobis cannot be granted on the basis of newly discovered evidence alone. *Smith v. State*, 301 Ark. 374, 375, 784 S.W.2d 595, 596 (1990). There is a distinction between fundamental error, which requires issuance of the writ, and newly discovered information, which might have created an issue to be raised at trial had it been known. *Hooper v. State*, 2015 Ark. 108, at 6–7, 458 S.W.3d 229, 233 (per curiam). Even if, as Pinder alleges, the date the license was issued was misstated, Pinder has not shown that the misstatement created a significant issue; that is, he has not shown that the information would have called into question the outcome of the trial. Without this showing, Pinder has fallen short of establishing a ground to issue a writ of error coram nobis. *Hooper*, 2015 Ark. 108, at 7, 458 S.W.3d at 233–34.

Petition denied.