SLIP OPINION

Cite as 2015 Ark. 488

# SUPREME COURT OF ARKANSAS

No. CR–11–494

| | |
|---|---|
| JOE E. BUTLER<br><br>    PETITIONER<br><br>V.<br><br>STATE OF ARKANSAS<br><br>    RESPONDENT | **Opinion Delivered** December 17, 2015<br><br>PRO SE PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS [PULASKI COUNTY CIRCUIT COURT, NOS. 60CR-10-2297, 60CR-10-2468]<br><br>PETITION DENIED. |

**PER CURIAM**

In 2011, petitioner Joe E. Butler was found guilty in the Pulaski County Circuit Court of aggravated robbery and misdemeanor theft of property in case number 60CR-10-2297. He was also found guilty that same year in case number 60CR-10-2468 of being a felon in possession of a firearm, filing a false report with law enforcement, and misdemeanor fleeing. He was sentenced as a habitual offender in the cases to an aggregate term of 240 months' imprisonment. The Arkansas Court of Appeals affirmed the judgment in both cases in one decision. *Butler v. State*, 2011 Ark. App. 708.

Now before us is Butler's pro se petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis in the case. The petition for leave to proceed in the trial court is necessary because the trial court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61. In making such a determination,

SLIP OPINION

we look to the reasonableness of the allegations in the petition and to the existence of the probability of truth thereof. *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38. A writ of error coram nobis is an extraordinarily rare remedy. *State v. Larimore*, 341 Ark. 397, 17 S.W.3d 87 (2000). Coram-nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Westerman v. State*, 2015 Ark. 69, at 4, 456 S.W.3d 374, 376.

The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Newman*, 2009 Ark. 539, 354 S.W.3d 61. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771.

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Id.* A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Howard*, 2012 Ark. 177, 403 S.W.3d 38.

In his petition, Butler argues that the writ is warranted because he was interrogated by the police without being advised of his rights under the Fifth Amendment and the Sixth Amendment to the United States Constitution. Butler has not stated a ground for the writ.

Butler could have raised his claims at trial, and error coram nobis does not lie to address issues which could have been raised at trial even if those issues are of constitutional

SLIP OPINION

dimension. *See Smith v. State*, 2015 Ark. 188, 461 S.W.3d 345 (per curiam). Again, a coram-nobis proceeding is limited to the four categories set out above. *White v. State*, 2015 Ark. 151, 460 S.W.3d 285.

Butler also alleges that the trial court was obligated to contact a witness or witnesses to determine if their testimony would aid the defense. Butler has cited no authority for the proposition that the trial court was obligated to examine potential witnesses, and we know of none. *See Barker v. State*, 2010 Ark. 354, at 6, 373 S.W.3d 865, 869 (holding that claims in a coram-nobis petition must be supported by convincing legal authority). Moreover, the argument is outside the purview of a coram-nobis proceeding.

Butler also contends that he has "newly discovered evidence through [his] transcript" and a "sheriff's office evidence management item submission record." With respect to the newly discovered evidence found in the record, he asserts that the record of the case contains proof that the State was confused as to the facts of the case, that certain witnesses gave false testimony, that the State should have subpoenaed defense witnesses, and that "the statement the victim used was only a simply detained statement that wasn't mentioned in the previous statement." Butler has not stated a ground for issuance of the writ based on the content of the trial record. All the allegations Butler raises were clearly known at the time of trial inasmuch as they are contained in the trial record and could have been addressed at trial. To establish that newly discovered evidence is a basis for the writ, the facts as alleged as grounds for the writ must show that there is a reasonable probability that the judgment of conviction would not have been rendered, or would have been prevented, had the exculpatory evidence been disclosed at trial. *Dansby v. State*, 343 Ark. 635, 641, 37 S.W.3d

SLIP OPINION

599, 603 (2001). Because the evidence was all contained in the record, Butler has not made such a showing.

The evidence that Butler alleges to be newly discovered with respect to the sheriff's office record concerns a box checked on a form. He states the box on the form was checked indicating that there was firearm in the sheriff's office possession when a gun was not in the possession of the sheriff's office in his case.

Butler contended at trial and on direct appeal that he was not in possession of the gun at the time the State alleged that he took money from the victim because he had handed the gun to the victim and the victim was in possession of the firearm. The victim, however, testified that, after Butler grabbed his money and the gun and began to walk away, Butler turned back and asked him what else he had in his pocket. Accordingly, if even if the box on the form was checked incorrectly, Butler did not contend at trial that there was no gun employed in the offense. *See Butler*, 2011 Ark. App. 708, at 3. Butler has not established that the sheriff's office form was significant to the defense. There is a distinction between fundamental error that requires issuance of the writ and newly discovered information that might have created an issue to be raised at trial had it been known. *Thompson v. State*, 2012 Ark. 339, at 4 (per curiam). Butler has fallen far short of establishing that there is newly discovered evidence concerning the box checked on the form sufficient to have precluded the entry of the judgment.

It appears that Butler's assertions of newly discovered evidence are in essence claims that the evidence was insufficient to sustain the judgment and that the witnesses who testified for the prosecution were not credible. If so, issues concerning the sufficiency of

the evidence or the credibility of witnesses are not cognizable in coram-nobis proceedings. *Pinder v. State*, 2015 Ark. 423, at 4-5 (per curiam).

Finally, Butler argues that trial court would have ruled differently concerning the victim's statement if his attorney had cross-examined a witness. If the claim was intended to be an allegation of ineffective assistance of counsel, this court has repeatedly held that ineffective-assistance-of-counsel claims are not cognizable in error-coram-nobis proceedings and that such proceedings are not a substitute for raising ineffective-assistance-of-counsel claims under Arkansas Rule of Criminal Procedure 37.1. *White v. State,* 2015 Ark. 151, at 4, 460 S.W.3d 285, 288.

Petition denied.