SLIP OPINION

Cite as 2017 Ark. 27

# SUPREME COURT OF ARKANSAS.

No. CR-08-1385

|  |  |
|---|---|
| EDWARD CARTER<br><div align="right">PETITIONER</div><br>V.<br><br>STATE OF ARKANSAS<br><div align="right">RESPONDENT</div> | **Opinion Delivered** February 9, 2017<br><br>PRO SE THIRD PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS AND MOTION FOR LEAVE TO FILE RESPONSE TO STATE'S RESPONSE TO PETITION<br>[GARLAND COUNTY CIRCUIT COURT, NO. 26CR-08-142]<br><br><br>PETITION DENIED; MOTION MOOT. |

**PER CURIAM**

In 2008, petitioner Edward Carter was found guilty by a jury of aggravated robbery and was sentenced to 360 months' imprisonment. The Arkansas Court of Appeals affirmed. *Carter v. State*, 2009 Ark. App. 683.

In 2015, Carter filed in this court a pro se petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis in the case. The petition, as well as an amendment to it, were denied. *Carter v. State*, 2015 Ark. 397 (per curiam). On August 17, 2016, Carter filed a second such petition that was also denied. *Carter v. State*, 2016 Ark. 378, 501 S.W.3d 375 (per curiam). On November 30, 2016, Carter filed a third coram-nobis petition, which is now before us. Carter has also filed a motion for leave to file a response to the State's response to the petition. As there is clearly no merit to the petition, it is denied, and the motion is moot.

The petition for leave to proceed in the trial court is necessary because the trial court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61. A writ of error coram nobis is an extraordinarily rare remedy. *State v. Larimore*, 341 Ark. 397, 17 S.W.3d 87 (2000). Coram nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Westerman v. State*, 2015 Ark. 69, at 4, 456 S.W.3d 374, 376; *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771. The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition had it been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Newman*, 2009 Ark. 539, 354 S.W.3d 61. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Roberts*, 2013 Ark. 56, 425 S.W.3d 771.

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Id.* A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38.

Evidence adduced at Carter's trial reflected that he and Jessica Brewer were shopping at a Wal-Mart store at the same time Salli Reding and Shannon Smith were shopping in the store. Reding observed Carter placing video games inside his clothing. When Carter left

the store without paying for the games, Reding followed him outside and confronted him about his failure to pay. At that point, Carter pulled a gun from his pocket, cocked it, and pointed it at Reding. Smith testified that she did not see Carter pull out the gun but saw a gun in Carter's hand down at his side after Reding stepped back and called out, "He's got a gun." Brewer also testified to seeing a gun at Carter's side. Carter then left the parking lot with Brewer and went to a resale shop where he sold the stolen games as used electronics.

On direct appeal, Carter argued that the State failed to prove that he had actual, unauthorized possession of merchandise from Wal-Mart, that there was no proof that a security alarm sounded when he left the store, and that no representative of the store testified to a loss of the merchandise. He contended that, without proof of the theft, there could be no aggravated robbery. The court of appeals rejected the arguments, finding that there was substantial evidence of a theft. *Carter*, 2009 Ark. App. 683, at 3. The court of appeals held that aggravated robbery occurred when physical force was threatened. *Id.*

As grounds for his first petition for a writ of error coram nobis, Carter contended that the State violated *Brady v. Maryland*, 373 U.S. 83 (1963). He reiterates the claim in the second petition and again in this third petition.

A *Brady* violation is established when material evidence favorable to the defense is wrongfully withheld by the State. *Isom v. State*, 2015 Ark. 225, 462 S.W.3d 662. In *Strickler v. Greene*, 527 U.S. 263 (1999), the Supreme Court revisited *Brady* and declared that, when the petitioner contends that material evidence was not disclosed to the defense, the petitioner must show that "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Strickler*,

527 U.S. at 280 (quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985)). In *Strickler*, the Court also set out the three elements of a true *Brady* violation: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory or because it is impeaching; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; and (3) prejudice must have ensued. *Strickler*, 527 U.S. 263; *see Howard*, 2012 Ark. 177, 403 S.W.3d 38. Impeachment evidence that is material, as well as exculpatory evidence, falls within the *Brady* rule. *Bagley*, 473 U.S. 667. To determine whether the proposed attack on the judgment is meritorious so as to warrant the granting of permission to reinvest jurisdiction in the trial court to pursue a writ of error coram nobis, this court looks to the reasonableness of the allegations of the petition and to the existence of the probability of the truth to those claims. *Isom*, 2015 Ark. 225, 462 S.W.3d 662.

In the first petition, Carter based his *Brady* claim on the following assertions: Carter did not take, or manifest the intention to take, anything of value from Reding; the only crimes that Reding could have witnessed were shoplifting by Brewer, who stole the video games, and, if Brewer passed those games to Carter, Reding was a witness only to Carter's being an accomplice to shoplifting; the State used a statement from a Wal–Mart customer as evidence that an aggravated robbery had occurred; Reding was a witness only to the aggravated robbery of Randall Nichols, a Wal–Mart employee; the affidavit in support of the arrest warrant for aggravated robbery recited facts that supported only a showing of shoplifting or accomplice to shoplifting; the victim was Wal–Mart, not Reding; Carter was charged with one crime and convicted of another because there was no robbery; in her pretrial statement, Reding speaks as though she were a police officer or "some type of store

security" rather than an ordinary shopper, and this constituted a "fabricated affidavit" that was used to obtain an arrest warrant; Carter's Fifth Amendment right to remain silent was violated because the "court stated that [Carter] did not confess to a shoplifting charge so he cannot rely on it now"; Carter did not know that he was being tried for committing an aggravated robbery against Reding; the State did not disclose that Reding was testifying as a witness rather than a victim, and, as a result, she could not be asked if she believed that Carter had any intention of taking anything of value from her by threat or force; and the State allowed Reding's perjured testimony to be introduced at trial.

This court denied the relief sought in the first petition because it was abundantly clear that the claims raised by Carter were challenges to the sufficiency of the evidence adduced at trial rather than a violation of *Brady* in that he offered nothing to demonstrate that any material evidence had been concealed from the defense. *Carter*, 2015 Ark. 397, at 5. Issues concerning the sufficiency of the evidence are not cognizable in coram nobis proceedings. *Ventress v. State*, 2015 Ark. 181, at 6, 461 S.W.3d 313, 317 (per curiam). The question of the sufficiency of the evidence is to be settled at trial and on the record on direct appeal. *Sims v. State*, 2012 Ark. 458 (per curiam). The claims of trial error were outside the purview of a coram nobis proceeding. *Howard*, 2012 Ark. 177, 403 S.W.3d 38. Even constitutional issues that could have been addressed at trial are not within the purview of the writ. *See Watts v. State*, 2013 Ark. 485, at 7 (per curiam).

In the second petition for the writ, Carter repeated some of the claims and again sought to challenge the evidence adduced at trial, and he again complained of trial error. He argued that, if there had been a proper arraignment in a timely manner, no court would

have found the evidence sufficient to bind him over for trial in the circuit court. He further contended that only a photograph of the gun was produced at trial; that the gun in the photograph was a toy that could not be cocked; that the Wal-Mart manager did not give a sworn statement or testify at trial even though the manager was the complainant; and that any aggravated robbery was against Reding, but he was not charged with an offense against her. As with the allegations raised in the first petition for the writ, this court determined that the claims were not a ground for the writ.

Carter further contended in the second petition that *Brady* was violated by the State's failure to produce the "best evidence" of the offenses. He stated that he did not bring the allegations in his first petition because he did not receive certain information until after he had filed a petition under the Freedom of Information Act ("FOIA"). Specifically, he stated that he located newly discovered evidence in the form of pictures that appear to show a different gun than the one at issue in his trial and other information that refutes the testimony and evidence adduced at trial. He asserted that he has learned that his fingerprints were not found on the gun, that there was no video showing him stealing from Wal-Mart, and that the State withheld certain "narratives" that would have been helpful to the defense and that were used by the State to obtain a spurious warrant for his arrest. He contended that the material he received through the FOIA request indicated that there was no probable cause for the warrant. Carter argued that, if this information had been available to him at trial, he could have moved to dismiss the warrant and suppress the evidence obtained through the warrant.

In the opinion denying the second petition, we first noted that we have held that a writ of error coram nobis cannot be granted on the basis of newly discovered evidence alone. *Pinder v. State*, 2015 Ark. 423, at 5, 474 S.W.3d 490, 493 (per curiam); *Smith v. State*, 301 Ark. 374, 375, 784 S.W.2d 595, 596 (1990). There is a distinction between fundamental error, which requires issuance of the writ, and newly discovered information, which might have created an issue to be raised at trial had it been known. *Hooper v. State*, 2015 Ark. 108, at 6–7, 458 S.W.3d 229, 233 (per curiam). To establish that newly discovered evidence is a basis for the writ, the facts as alleged as grounds for the writ must show that there is a reasonable probability that the judgment of conviction would not have been rendered, or would have been prevented, had the exculpatory evidence been disclosed at trial. *Butler v. State*, 2015 Ark. 488, at 3–4, 478 S.W.3d 210, 213 (per curiam); *Dansby v. State*, 343 Ark. 635, 641, 37 S.W.3d 599, 603 (2001). Carter did not establish in his second coram nobis petition that there was a reasonable probability that any of the information he cited in his petition would have resulted in a different outcome of the trial. When the petitioner does not demonstrate that the newly discovered evidence would somehow have created an issue sufficient to affect the outcome of the trial and preclude the entry of the judgment, the petitioner has not established a ground to issue a writ of error coram nobis. *Wallace v. State*, 2015 Ark. 349, at 11, 471 S.W.3d 192, 199 (per curiam).

Moreover, Carter did not state a ground for the writ because he offered no factual substantiation that the State had hidden any specific, particular evidence from the defense at the time of trial. Conclusory claims concerning evidence omitted from the record are deficient as a basis for coram nobis relief and do not establish that there is a reasonable

SLIP OPINION

probability that the outcome of the proceeding would have been different if the State had disclosed any particular evidence to the defense. *See Strickler*, 527 U.S. at 280; *see also Lacy v. State*, 2010 Ark. 388, 377 S.W.3d 227. A coram nobis proceeding is not a means merely to contradict a fact already adjudicated in the trial court. *See Stenhouse v. State*, 2016 Ark. 295, at 4 (per curiam).

In this third petition, Carter again claims *Brady* violations similar to those raised in the prior proceedings. He again alleges that the same FOIA request that produced the information that he raised in his second petition also made him aware that there was evidence that he and Jessica Brewer did not enter the Wal-Mart store together as she testified. He contends that, if he had had that evidence at trial, he could have impeached Brewer's trial testimony because he never entered the Wal-Mart store at all. He argues that Brewer's false testimony laid the groundwork for all the other testimony that resulted in his conviction. As he did in his prior petitions, Carter assails the strength of the evidence on which he was convicted.

Carter has not demonstrated a ground for the writ. This court has held that a petitioner's allegation that a witness gave false testimony at trial does not give rise to a showing of fundamental error that requires issuance of the writ. *Evans v. State*, 2016 Ark. 377, at 6–7, 501 S.W.3d 819, 823 (per curiam); *Pinder*, 2015 Ark. 423, at 4, 474 S.W.3d at 493. Moreover, Carter has provided no proof that the State knowingly utilized false testimony. To the extent that the allegation concerning Brewer's testimony was intended as a claim that the evidence was insufficient to sustain the judgment, issues concerning the sufficiency of the evidence or the credibility of witnesses are to be addressed at trial, and,

when appropriate, on the record on direct appeal. *McArthur v. State*, 2014 Ark. 367, at 7, 439 S.W.3d 681, 686 (per curiam). The allegations are not a basis for coram nobis relief. *Philyaw v. State*, 2014 Ark. 130 (per curiam).

Carter next alleges that the State withheld Reding's written pretrial statement from the defense. He asserts that the pretrial statement gave only a general description of the perpetrator of the crime and, if he had had access to the pretrial statement, he could have impeached her testimony and shown that her in-court identification of him was "impermissibly suggestive." Carter does not specify what Reding said in the pretrial statement that could have been used for impeachment purposes. Again, Carter has offered no factual substantiation for the claim that the State withheld exculpatory evidence. As stated, factual substantiation for a claim that the prosecution withheld information from the defense is necessary to support the claim, and it is entirely the petitioner's burden to show that the writ is warranted. *Thompson v. State*, 2012 Ark. 339 (per curiam). Assertions with no factual support do not justify reinvesting jurisdiction in the trial court to consider a petition for writ of error coram nobis. *Burks v. State*, 2013 Ark. 188, at 5 (per curiam). Carter's claims do not establish that the outcome of the trial would have been different had he known a particular fact at trial. *See Lamar v. State*, 2014 Ark. 245 (per curiam). Furthermore, while couched as a *Brady* violation, Carter's argument concerning Reding's pretrial statement is grounded primarily in a challenge to the sufficiency of the evidence adduced at trial—a claim not within the purview of the writ.

Carter ends his petition with a list of "additional constitutional violations," which are also claims that the evidence was not sufficient to establish his guilt. Again, coram nobis

proceedings do not provide a petitioner with a forum to relitigate the issue of his guilt or to reargue claims that could have been addressed at trial or on appeal. *See Ventress*, 2015 Ark. 181, 461 S.W.3d 313. Assertions of trial error are not cognizable in a coram nobis proceeding. *Lukach v. State*, 2014 Ark. 451 (per curiam).

Petition denied; motion moot.