SLIP OPINION

Cite as 2015 Ark. 190

# SUPREME COURT OF ARKANSAS

No. CR-00-1384

| | |
|---|---|
| RODNEY E. BARNETT<br>PETITIONER<br><br>V.<br><br>STATE OF ARKANSAS<br>RESPONDENT | **Opinion Delivered** May 7, 2015<br><br>SECOND PRO SE PETITION TO REINVEST JURISDICTION IN THE CIRCUIT COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS<br>[MISSISSIPPI COUNTY CIRCUIT COURT, CHICKASAWBA DISTRICT, NO. 47CR-94-372]<br><br>PETITION DENIED. |

**PER CURIAM**

In 2000, petitioner Rodney E. Barnett was convicted by a jury in the Mississippi County Circuit Court, Chickasawba District, of the capital murder of Lester Frazier and was sentenced to life imprisonment without parole. We affirmed. *Barnett v. State*, 346 Ark. 11, 53 S.W.3d 527 (2001).

In 2006, Barnett filed in this court a pro se petition to reinvest jurisdiction in the circuit court to consider a petition for writ of error coram nobis, in which he alleged that the prosecutor withheld material evidence to bolster the testimony of one of its witnesses, Larry Black. Specifically, Barnett contended that the prosecutor withheld jail records that would have supported his claim that he never shared a jail cell with Black and, thus, Black's testimony regarding a jail-house confession could not have been credible. The petition was denied on the ground that Barnett's claim that he did not share a jail cell with Black was made a part of the record through the cross-examination of Black, and, therefore, coram-nobis relief was not

appropriate where Barnett failed to demonstrate some fundamental error of fact extrinsic to the record. *Barnett v. State*, CR-00-1384 (Ark. Jan. 25, 2007) (unpublished per curiam).

Now before us is Barnett's second pro se petition to reinvest jurisdiction in the circuit court to consider a petition for writ of error coram nobis.[1] A petition for leave to proceed in the circuit court is necessary because the circuit court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Cromeans v. State*, 2013 Ark. 273 (per curiam) (citing *Sparks v. State*, 2012 Ark. 464 (per curiam)); *Grant v. State*, 2010 Ark. 286, 365 S.W.3d 849 (per curiam) (citing *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61). This court will grant such permission only when it appears that the proposed attack on the judgment is meritorious. *Echols v. State*, 354 Ark. 414, 418, 125 S.W.3d 153, 156 (2003). In making such a determination, we look to the reasonableness of the allegations of the petition and to the existence of the probability of the truth thereof. *Id.*

A writ of error coram nobis is an extraordinarily rare remedy more known for its denial than its approval. *Cromeans*, 2013 Ark. 273 (citing *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38). Coram-nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Greene v. State*, 2013 Ark. 251 (per curiam) (citing *Newman*, 2009 Ark. 539, 354 S.W.3d 61). The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the circuit court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Id.* The petitioner has the burden of demonstrating

---

[1]As was the case with the first petition, Barnett's second petition is assigned the same docket number as the direct appeal from the judgment of conviction.

a fundamental error of fact extrinsic to the record. *Williams v. State*, 2011 Ark. 541 (per curiam).

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Cromeans*, 2013 Ark. 273 (citing *McDaniels v. State*, 2012 Ark. 465 (per curiam)). We have held that a writ of error coram nobis is available to address certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Greene*, 2013 Ark. 251.

As grounds for the writ, Barnett asserts in the instant petition that the prosecutor withheld exculpatory evidence and knowingly allowed the State's witnesses to commit perjury. Specifically, Barnett contends that the prosecutor withheld information pertaining to a confidential informant, his identity, and a statement made by him to police regarding the murder for which Barnett was convicted. Barnett asserts that the information possessed by this confidential informant, if it had been known to him at the time of trial, could have been used to impeach the testimony of the State's witnesses, Larry Black and Donneitha Bradford.[2] Barnett further states that a family friend, Carla Johnson, later discovered the identity of the

---

[2]Donneitha Bradford testified as an accomplice at Barnett's trial. Specifically, she testified that, after Barnett solicited her assistance in robbing the victim, she went to the victim's residence with Barnett; that the victim was still alive when she left the residence; and that she saw the victim and Barnett leave the residence together. Prior to Barnett's trial, Bradford was tried, convicted, and sentenced for the capital murder, kidnapping, and aggravated robbery of the same victim, and this court reversed and remanded. *Bradford v. State*, 325 Ark. 278, 927 S.W.2d 329 (1996). Bradford ultimately entered a plea of guilty to first-degree murder and was sentenced to forty years' imprisonment.

Larry Black testified at Barnett's trial that he shared a jail cell with Barnett and that Barnett admitted to participating in the murder.

confidential informant to be Floyd Riley and that Johnson interviewed Riley regarding his knowledge of the murder. Appended to the petition is Johnson's sworn affidavit in which she avers that, during one such interview, Riley explained to her that Bradford admitted to killing the victim with her boyfriend, Frank Melton; that Bradford never mentioned Barnett's name to Riley in her description of the crime; and that, on the night of the murder, Melton "was spending money with blood on it to buy drugs from Larry Black."

Suppression of material exculpatory evidence by the State falls within one of the four categories of coram-nobis relief. *Buckley v. State*, 2010 Ark. 154 (per curiam). When evidence favorable to the defense is wrongfully withheld by the State, it is a violation of *Brady v. Maryland*, 373 U.S. 83 (1963) and cause to grant a writ of error coram nobis. *Hooper v. State*, 2015 Ark. 108 (per curiam). In *Strickler v. Greene*, 527 U.S. 263 (1999), the Supreme Court revisited *Brady* and declared that, when the petitioner contends that material evidence was not disclosed to the defense, the petitioner must show that "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." 527 U.S. at 280 (quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985)). In *Strickler*, the Court also set out the three elements of a true *Brady* violation: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; and (3) prejudice must have ensued. *Strickler*, 527 U.S. 263.

In the instant petition, Barnett fails to demonstrate a *Brady* violation that would warrant issuance of the writ. Barnett contends that the identity of the confidential informant was

unknown to him at the time of trial but that the prosecutor and the circuit court were aware of the informant's identity because the informant was subpoenaed to testify at Bradford's trial. As Riley testified at the trial of Barnett's accomplice, it is clear that the defense was aware, or could have been aware, of his identity and testimony at the time of trial. Moreover, Barnett sets forth no facts to show that the defense could not have obtained the identity of the confidential informant or that the prosecutor refused to disclose any requested information regarding the confidential informant, and a review of the record in Barnett's direct appeal does not reveal that the identity of the confidential informant was ever requested by the defense through discovery.[3] Where a petitioner offers nothing to show that information was concealed from the defense, and the issue could have been determined with certainty at the time of trial, the petitioner has not demonstrated a *Brady* violation that warrants the issuance of a writ of error coram nobis. *Sparks*, 2012 Ark. 464.

Because Barnett has not met his burden of establishing a fundamental error of fact extrinsic to the record sufficient to overcome the strong presumption that the judgment of conviction in his case is valid, he has not established a ground to warrant issuance of the writ.[4]

Petition denied.

*Rodney Barnett*, pro se petitioner.

*Leslie Rutledge*, Att'y Gen., by: *Kathryn Henry*, Ass't Att'y Gen., for respondent.

---

[3]The record lodged in Barnett's direct appeal is a public record, which need not be incorporated into the record of a second appeal that stems from the same judgment of conviction. *Johnson v. State*, 332 Ark. 182, 964 S.W.2d 199 (1998) (per curiam).

[4]Because it is clear from the petition that Barnett failed to state any ground for relief cognizable in a proceeding for coram-nobis relief, we need not consider whether Barnett proceeded with due diligence in making application for relief. *Nelson v. State*, 2014 Ark. 91, 431 S.W.3d 852.