SLIP OPINION

Cite as 2015 Ark. 373

# SUPREME COURT OF ARKANSAS

No. CR-09-1213

| | |
|---|---|
| ANTHONY BRIAN WILLIAMSON<br>PETITIONER<br><br>V.<br><br><br>STATE OF ARKANSAS<br>RESPONDENT | Opinion Delivered October 8, 2015<br><br>PRO SE PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS [SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT, NO. 66CR-08-1236]<br><br><br>PETITION DENIED. |

**PER CURIAM**

In 2009, petitioner Anthony Brian Williamson was found guilty by a jury of aggravated robbery and kidnapping and sentenced to an aggregate term of 360 months' imprisonment. The Arkansas Court of Appeals affirmed. *Williamson v. State*, 2010 Ark. App. 595.

Now before us is Williamson's pro se petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis. The petition for leave to proceed in the trial court is necessary because the trial court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61. A writ of error coram nobis is an extraordinarily rare remedy. *State v. Larimore*, 341 Ark. 397, 17 S.W.3d 87 (2000). Coram-nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Id.* The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have

SLIP OPINION

prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Newman*, 2009 Ark. 539, 354 S.W.3d 61. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771.

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Id.* A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38.

In his petition, Williamson contends that a writ of error coram nobis should be issued on the ground that the prosecution in his case violated *Brady v. Maryland*, 373 U.S. 83 (1963). A *Brady* violation is established when material evidence favorable to the defense is wrongfully withheld by the State. *Isom v. State*, 2015 Ark. 225, 462 S.W.3d 662. In *Strickler v. Greene*, 527 U.S. 263 (1999), the Supreme Court revisited *Brady* and declared that, when the petitioner contends that material evidence was not disclosed to the defense, the petitioner must show that "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Strickler*, 527 U.S. at 280 (quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985)). In *Strickler*, the Court also set out the three elements of a true *Brady* violation: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; (2) the evidence must have been suppressed by the

State, either willfully or inadvertently; and (3) prejudice must have ensued. *Strickler*, 527 U.S. 263; *see also Howard*, 2012 Ark. 177, 403 S.W.3d 38. Impeachment evidence that is material, as well as exculpatory evidence, falls within the *Brady* rule. *Bagley*, 473 U.S. 667.

To determine whether the proposed attack on the judgment is meritorious, so as to warrant the granting of permission to reinvest jurisdiction in the trial court to pursue a writ of error coram nobis, this court looks to the reasonableness of the allegations of the petition and to the existence of the probability of the truth to those claims. *Isom*, 2015 Ark. 225, 462 S.W.3d 662. Williamson bases his *Brady* claim on the assertion that blood recovered from the crime scene was not his blood even though laboratory testing revealed that it contained his DNA. For an understanding of Williamson's claims for the writ, it is necessary to summarize the facts of the case.

On the morning of May 8, 2007, the manager of a check-cashing store arrived for work, turned off the alarm system, and went into the employee's restroom. The manager noted that the toilet lid and tank were broken. As she turned to leave the room, the vent from the air conditioning return flew open and a masked man with a gun emerged. The man forced the manager to open the safe, bound her wrists and ankles, and filled a bag with money. At Williamson's trial, the manager's description of the assailant's height and weight was consistent with Williamson's appearance.

The police recovered smeared blood on the restroom wall. Testing of the blood reflected that the DNA in it came from Williamson. The statistical odds of the DNA being from some other person were one in seventeen quadrillion.

Williamson does not argue in his petition that the DNA did not match his DNA. Rather, he contends that the State obtained his DNA from the rental car that he was driving when he was arrested. He alleges that the *Brady* violation arose from the failure of the State to reveal that it had collected trace evidence from the rental car and to admit that it had "manipulated evidence submitted for testing to the state crime lab" in such a way that the testing found his DNA in the blood from in the restroom.

Again, coram-nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Roberts*, 2013 Ark. 56, at 10, 425 S.W.3d 771, 777. To overcome that presumption, the petitioner bears the burden of presenting facts to support the claims for the writ because an application for the writ must make a full disclosure of specific facts relied upon and not merely state conclusions as to the nature of such facts. *Howard*, 2012 Ark. 177, 403 S.W.3d 38. A bare allegation that a constitutional right has been invaded will not suffice. *Cloird v. State*, 357 Ark. 446, 182 S.W.3d 477 (2004). Williamson offers no explanation as to when, or how, he obtained the information that trace evidence was obtained by the State from the rental car and subsequently used to alter the blood evidence obtained from the restroom. He provides no factual support for the claims of any kind. As his allegation of a *Brady* violation is devoid of any facts from which it could be determined that the writ is warranted, there is no ground on which to grant the relief sought. *See Howard*, 2012 Ark. 177, 403 S.W.3d 38. Williamson has fallen short of showing that there was some material evidence withheld that would have prevented rendition of the judgment had it been known at the time of trial. *See Isom*, 2015 Ark. 225, 462 S.W.3d 662.

SLIP OPINION

Moreover, Williamson offers nothing to demonstrate that the argument concerning the authenticity of the blood tested by the laboratory could not have been raised at trial. Clearly, Williamson knew at the time of trial that he had been inside the rental car when he was arrested, and there was testimony at trial concerning the collection of the blood and its submission to the laboratory. If there were some claim to be made concerning the authenticity of the blood evidence, it could have been made when the evidence pertaining to the testing was admitted at trial. When an issue could have been raised at trial, that fact alone renders the issue not cognizable in a later error-coram-nobis proceeding. *Howard*, 2012 Ark. 177, 403 S.W.3d 38.

The State urges this court to deny relief on the ground that Williamson waited approximately six years from the time he was convicted to claim that the blood evidence was not authentic. This court has consistently held that due diligence is required in making application for coram-nobis relief, and, in the absence of a valid excuse for delay, the petition will be denied. *Cloird*, 357 Ark. 446, 82 S.W.3d 477. This court will itself examine the diligence requirement and deny a petition where it is evident that a petitioner failed to proceed diligently. *Roberts*, 2013 Ark. 56, at 12, 425 S.W.3d 771, 778.

Due diligence requires that (1) the defendant be unaware of the fact at the time of trial; (2) the defendant could not have, in the exercise of due diligence, presented the fact at trial; and (3) upon discovering the fact, the defendant did not delay bringing the petition. *Id.* We hold that Williamson has not acted with diligence. He has not established that he was unaware at the time of trial of his claim concerning the authenticity of the blood evidence; that, if there were reason to believe that the blood was altered, the fact could not have been discovered at the time

of trial; or that there was some cause to delay bringing the claim once he became aware of the facts that showed a basis for the claim. As stated, Williamson has not explained when, or how, he obtained the information underlying his allegation about the blood evidence nor has he presented facts that support any aspect of the allegation.

As discussed previously, the onus is on the petitioner in a coram-nobis proceeding to establish with due diligence that the judgment in his case was rendered while there existed some fact extrinsic to the record that would have prevented its rendition had it been known to the trial court and which, through no negligence or fault of the petitioner, was not brought forward before rendition of the judgment. *See id.* Williamson has not met that burden.

Petition denied.