SLIP OPINION

Cite as 2015 Ark. 372

# SUPREME COURT OF ARKANSAS

No. CR-05-1170

| | |
|---|---|
| | **Opinion Delivered** October 8, 2015 |
| KE'ONDRA M. CHESTANG<br>PETITIONER<br><br>V.<br><br>STATE OF ARKANSAS<br>RESPONDENT | PRO SE PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM VOBIS AND MOTION FOR ORDER TO SHOW CAUSE AND AFFIDAVIT TO STRIKE STATE'S RESPONSE [COLUMBIA COUNTY CIRCUIT COURT,  NO. 14CR-04-68]<br><br>PETITION TREATED AS SECOND PETITION FOR WRIT OF ERROR CORAM NOBIS AND DENIED; MOTION FOR ORDER TO SHOW CAUSE AND AFFIDAVIT TO STRIKE STATE'S RESPONSE MOOT. |

## PER CURIAM

In 2005, petitioner Ke'ondra M. Chestang was found guilty by a jury of aggravated robbery.  He was sentenced to 240 months' imprisonment.  The Arkansas Court of Appeals affirmed. *Chestang v. State*, CR-05-1170 (Ark. App. Oct. 11, 2006) (unpublished) (original docket no. CACR 05-1170).

In 2014, Chestang filed in this court a pro se petition requesting that jurisdiction be reinvested in the trial court so that he could proceed with a petition for writ of error coram nobis. We denied the petition because it did not establish a ground for the writ. *Chestang v. State*, 2014 Ark. 477 (per curiam).

Now before us is Chestang's pro se petition to reinvest jurisdiction in the trial court to

SLIP OPINION

consider a petition for writ of error coram vobis. Chestang has also filed a motion and an affidavit. In the motion, he asks that the petition be granted on the ground that the State has responded to it as a coram-nobis petition rather than a coram-vobis petition. In the affidavit, he asks that the State's response be stricken on the same ground.

We take this opportunity to note that Arkansas Rule of Civil Procedure 60(k) has specifically abolished coram-vobis actions as a procedure for obtaining relief from a judgment. Because Chestang's petition is clearly a petition for a writ of coram nobis as it applies in modern law, we treat it as Chestang's second coram-nobis petition.[1] His motion to strike the State's response and affidavit are moot as we deny his petition.

The petition for leave to proceed in the trial court is necessary because the trial court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61. A writ of error coram nobis is an extraordinarily rare remedy. *State v. Larimore*, 341 Ark. 397, 17 S.W.3d 87 (2000). Coram-nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Id.* The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Newman*, 2009 Ark. 539, 354 S.W.3d 61. The

---

[1]"Coram nobis" means, literally, "before us ourselves." A writ of error coram nobis" originally was a writ issued by the higher court (Court of King's Bench) to the trial court (court of *nisi prius*); and, in that fashion, it is used in our jurisdiction today. *See Leggett v. State*, 231 Ark. 13, 18, 328 S.W.2d 252, 255 (1959).

SLIP OPINION

petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771.

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Id.* A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38.

In his petition, Chestang first contends that a writ of error coram nobis should be issued on the ground that he was arrested without a warrant and thus the trial court did not have jurisdiction to proceed. The claim is unavailing inasmuch as it is evident on the face of the petition that the alleged ground for relief could easily have been discerned at the time of the proceedings and raised in the trial court; that is, the allegation of error was such that it could have been settled at trial. *See McClinton v. State*, 2015 Ark. 161, at 3 (per curiam). Issues related to the validity of appellant's arrest are factual issues that should have been addressed in the trial court. *Smith v. Hobbs*, 2015 Ark. 312, at 5 (per curiam). Moreover, this court has held that a trial court's jurisdiction to try an accused does not depend upon the validity of the arrest of the accused. *Jones v. State*, 2014 Ark. 67, at 3 (per curiam). We have specifically held that even an illegal arrest, standing alone, does not vitiate a valid conviction. *Biggers v. State*, 317 Ark. 414, 878 S.W.2d 717 (1994).

Chestang next asserts that the writ should issue because he was a sixteen-year-old infant

when the offense of which he was convicted was committed, and he was denied a hearing on whether the case should have been transferred to juvenile court. He alleges that the trial court's error in not affording him a hearing deprived the court of jurisdiction. The issue is a claim of trial error that does not constitute a ground for the writ. *See Echols v. State*, 360 Ark. 332, 201 S.W.3d 890 (2005). A defendant may waive his right to claim error by failing to file in the trial court a motion for transfer to juvenile court or by failing to challenge the denial of such a motion by the trial court in an interlocutory appeal. *See Ventry v. State*, 2009 Ark. 300, at 8, 318 S.W.3d 576, 581; *see also Jordan v. State*, 356 Ark. 248, 147 S.W.3d 691 (2004) (holding that this court would not consider the sixteen-year-old defendant's claim that trial court erred in denying his motion to transfer his case to juvenile division, when the matter was previously decided by court of appeals on appeal from denial of motion, because the defendant did not file petition for review).

As his third ground for coram-nobis relief, Chestang argues that the trial court erred in admitting "illegal evidence" at trial in the form of his coerced confession. We have held that the issue of whether a confession was admissible into evidence is not a question cognizable in a coram-nobis proceeding because it is an issue that could have been addressed at trial. *Dodge v. State*, 2015 Ark. 216, at 3, 461 S.W.3d 700, 703 (per curiam).

Chestang's fourth ground for the writ is the claim that there was a clerical error in the judgment entered in his case. An allegation of a clerical error does not fit within the four categories within the purview of a coram-nobis petition.

Finally, Chestang contends that, as a group, the issues raised in the petition demonstrate

SLIP OPINION

that he is actually innocent of the offense of which he was found guilty. If Chestang is contending that the claims should be considered as a whole, rather than individually, a court that is considering a coram-nobis petition does not combine the individual claims for relief. The court must look at each claim to determine if each is cognizable in a coram-nobis proceeding.[2] It was Chestang's burden to state a ground for relief within the confines of the remedy. He has not met that burden.

To the extent that the assertion was intended as a claim that the evidence was generally insufficient to sustain the judgment, issues concerning the sufficiency of the evidence are not grounds for relief in a coram-nobis proceedings. *Ventress v. State*, 2015 Ark. 181, at 6, 461 S.W.3d 313, 317 (per curiam). Those issues are to be settled at trial, and, when appropriate, on the record on direct appeal. *Id.*

Petition treated as second petition for writ of error coram nobis and denied; motion for order to show cause moot.

---

[2]When a court is considering a petition for writ of error coram nobis based on the allegation that the State wrongfully withheld evidence from the defense at trial, the court may consider the cumulative effect of the allegedly suppressed evidence to determine whether the evidence was material to the guilt or punishment of the individual. *Goff v. State*, 2012 Ark. 68, 398 S.W.3d 896 (per curiam).