SLIP OPINION

Cite as 2015 Ark. 470

# SUPREME COURT OF ARKANSAS

No. CR-09-549

| | | |
|---|---|---|
| KELTON BOND | PETITIONER | **Opinion Delivered** December 10, 2015 |
| | | |
| V. | | PRO SE PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS [BENTON COUNTY CIRCUIT COURT, NO. 04CR-07-1763] |
| STATE OF ARKANSAS | RESPONDENT | |
| | | PETITION DENIED. |

**PER CURIAM**

In 2008, petitioner Kelton Bond was convicted by a jury of multiple drug-related offenses and sentenced to an aggregate term of 115 years' imprisonment.[1] The Arkansas Court of Appeals affirmed. *Bond v. State*, 2010 Ark. App. 664. Bond subsequently filed in the trial court a petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2008). The petition was denied, and we affirmed the order. *Bond v. State*, 2013 Ark. 298, 429 S.W.3d 185 (per curiam).

Now before us is Bond's pro se petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis. The petition for leave to proceed in the trial court is necessary because the trial court can entertain a petition for writ of error coram nobis

---

[1]Bond was convicted of four counts of delivery of cocaine, three counts of delivery of marijuana, one count of possession of cocaine with intent to deliver, one count of possession of marijuana with intent to deliver, and one count of simultaneous possession of drugs and firearms.

SLIP OPINION

after a judgment has been affirmed on appeal only after we grant permission. *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61. A writ of error coram nobis is an extraordinarily rare remedy. *State v. Larimore*, 341 Ark. 397, 17 S.W.3d 87 (2000). Coram-nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Id.* The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Newman*, 2009 Ark. 539, 354 S.W.3d 61. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771.

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Id.* A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38.

Bond has included with his petition for leave to proceed in the trial court the petition that he intends to file there if granted permission to do so. Even if that petition is considered in the interest of judicial economy as part of the petition before us, we find no ground to warrant the writ. See *Fudge v. State*, 2015 Ark. 230, at 4, 463 S.W.3d 292, 295 (per curiam) (The petition to be filed in the trial court, if leave were granted by this court to proceed with a coram-nobis petition, was considered in determining whether cause for the writ had been established by the

SLIP OPINION

petitioner.).

As grounds for the writ, Bond first contends that the State violated the provisions of *Brady v. Maryland*, 373 U.S. 83 (1963) by obtaining his conviction through use of perjured testimony and false evidence. He alleges that the investigators in his case planted evidence at his home and then lied at his trial to cover up their misdeed. Bond argues that the State, by deliberately fabricating evidence, violated his right to due process of law under *Brady* and related legal precedent.

A *Brady* violation is established when material evidence favorable to the defense is wrongfully withheld by the State. *Isom v. State*, 2015 Ark. 225, 462 S.W.3d 662. In *Strickler v. Greene*, 527 U.S. 263 (1999), the Supreme Court revisited *Brady* and declared that, when the petitioner contends that material evidence was not disclosed to the defense, the petitioner must show that "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Strickler*, 527 U.S. at 280 (quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985)). In *Strickler*, the Court also set out the three elements of a true *Brady* violation: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; and (3) prejudice must have ensued. *Strickler*, 527 U.S. 263; *see also Howard*, 2012 Ark. 177, 403 S.W.3d 38. Impeachment evidence that is material, as well as exculpatory evidence, falls within the *Brady* rule. *Bagley*, 473 U.S. 667. To determine whether the proposed attack on the judgment is meritorious so as to warrant the granting of permission to reinvest jurisdiction in the trial court to pursue a writ of error coram

SLIP OPINION

nobis, this court looks to the reasonableness of the allegations of the petition and to the existence of the probability of the truth of those claims. *Isom*, 2015 Ark. 225, 462 S.W.3d 662.

While suppression of exculpatory evidence constitutes a *Brady* violation and is a ground for coram-nobis relief, the petitioner has the burden of establishing with facts that evidence favorable to the defense was concealed. *Howard*, 2012 Ark. 177, 403 S.W.3d 38; *see also Barnett v. State*, 2015 Ark. 190, 461 S.W.3d 683 (per curiam). Here, Bond argues that the evidence at trial was inconsistent, ambiguous, and unreliable, but it could not be challenged because the defense did not know that the State's witnesses were testifying untruthfully. He cites numerous points in the course of his trial where evidence was admitted that he now argues was false.[2] He offers no substantiation, however, for the conjecture that the State's evidence was fabricated except for pointing to inconsistencies and ambiguities in the testimony and arguing that the evidence did not support the judgment. The claims fail because the petition lacks the factual support for the allegations that is required before the writ can issue. *Howard*, 2012 Ark. 177, 403 S.W.3d 38.

The onus is entirely on the petitioner in a coram-nobis proceeding to establish with facts that information was concealed from the defense and that the issue could not have been determined with certainty at the time of trial. *Barnett*, 2015 Ark. 190, at 5, 461 S.W.3d at 687.

---

[2]Bond raised many of the same claims in his petition under Rule 37.1, arguing that his attorney was ineffective because counsel failed to bring out the instances of inconsistent testimony among the State's witnesses that would have indicated the testimony was false. The trial court denied relief on the allegation on the basis that the claims were not supported by the record and Bond had failed to show prejudice. We agreed on appeal from the order, finding that Bond's claims lacked the factual support necessary to make a showing of prejudice. *Bond*, 2013 Ark. 298, at 5, 429 S.W.3d at 190.

As stated, coram-nobis proceedings are attended by a strong presumption that the judgment of conviction is valid, and a court is not required to accept at face value the allegations of the petition. *Cloird v. State*, 357 Ark. 446, 450, 182 S.W.3d 477, 479 (2004). The application for the writ must make a full disclosure of specific facts relied on and not merely state conclusions as to the nature of such facts. *Penn v. State*, 282 Ark. 571, 575, 670 S.W.2d 426, 428 (1984).

Moreover, we have held that a petitioner's allegation that a witness gave false testimony at trial does not, in itself, give rise to a showing of fundamental error that requires issuance of the writ. *Smith v. State,* 200 Ark. 767, 140 S.W.2d 675 (1940) (holding that the writ was not available to afford relief on the ground that the principal witness against the accused had recanted and that others since the accused's conviction had confessed to the crime); *see also White v. State*, 2014 Ark. 348, 438 S.W.3d 916; *Taylor v. State*, 303 Ark. 586, 799 S.W.2d 519 (1990) (A witness's recantation of part of his trial testimony was not a ground for the writ, as recantation of testimony did not fit within the remedy.).

To the extent that Bond's assertions of inconsistent testimony, ambiguity of the evidence adduced, and misinterpretation of physical evidence were intended as claims that the evidence was insufficient to sustain the judgment of conviction, issues concerning the sufficiency of the evidence are not cognizable in coram-nobis proceedings. *Ventress v. State*, 2015 Ark. 181, at 6. Whether the evidence supports the judgment is an issue to be addressed at trial. *Washington v. State*, 2014 Ark. 370, at 5, 439 S.W.3d 686, 689 (per curiam).

Bond next contends that the State committed a *Brady* violation because the authorities exceeded the purview of a search warrant in his case and hid that fact from the defense. He

argues that the claim could not have been raised at trial inasmuch as the defense was unaware that the State had acted outside the scope of the warrant. Bond has again failed to provide facts to support the claim that there was information withheld from the defense. His recitation of evidence that he argues was inconsistent with his claim of innocence does not constitute a showing that the State withheld information. *See Barnett*, 2015 Ark. 190, 461 S.W.3d 683.

In his third *Brady* claim, Bond repeats the claims of false, inconsistent, and ambiguous evidence, but he couches the claims in terms of the prosecutor's having worked "in concert" with the officers who testified at trial to give false testimony. As with his prior allegations, Bond points out instances in which, he contends, the evidence at trial was inconsistent with his interpretation of the true facts of the case. Bond's conclusory allegations that the prosecutor worked with the police officers and that the evidence adduced at trial was not an accurate reflection of the truth do not establish cause to warrant a writ of error coram nobis. *See Howard*, 2012 Ark. 177, 403 S.W.3d 38.

Petition denied.