

Cite as 2016 Ark. 18

# SUPREME COURT OF ARKANSAS

No. CR–10–980

| | |
|---|---|
| ROBERT JOSEPH MOTEN<br>PETITIONER | **Opinion Delivered** January 21, 2016 |
| V. | PRO SE PETITION AND AMENDED PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS AND MOTION FOR EVIDENTIARY HEARING [ARKANSAS COUNTY CIRCUIT COURT, NORTHERN DISTRICT, NO. 01CR-07-109] |
| STATE OF ARKANSAS<br>RESPONDENT | |
| | <u>AMENDED PETITION TREATED AS SUBSTITUTED PETITION; MOTION FOR HEARING TREATED AS AMENDED PETITION; PETITIONS DENIED</u>. |

**PER CURIAM**

Petitioner Robert Joseph Moten is incarcerated in the Arkansas Department of Correction pursuant to a 2010 judgment reflecting his convictions on one count of first-degree battery and one count of second-degree battery with an aggregate sentence of 264 months' imprisonment imposed on the two counts. On September 24, 2015, he filed a petition asking this court to reinvest jurisdiction in the trial court so that he may file a petition for writ of error coram nobis. Moten later filed an amended petition, which he apparently wishes to substitute for the earlier petition. He also filed a motion for an evidentiary hearing in the matter, which is intended as a supplement to Moten's amended petition. We therefore treat

SLIP OPINION

the amended petition as a substituted petition and the motion for hearing as an amended petition, and we deny the petitions.

A prisoner who appealed his judgment and who wishes to attack his conviction by means of a petition for writ of error coram nobis must first request this court to reinvest jurisdiction in the trial court. *Noble v. State*, 2015 Ark. 141, 460 S.W.3d 774. Where the record for the underlying proceedings remains in this court, the circuit court is deprived of jurisdiction, and leave from this court is required before the circuit court may consider a petition for the writ. *Id.* This court will grant permission to proceed with a petition for the writ only when it appears, looking to the reasonableness of the allegations of the proposed petition and the existence of the probability of the truth of those allegations, that the proposed attack on the judgment is meritorious. *Isom v. State*, 2015 Ark. 225, 462 S.W.3d 662. This court is not required to accept at face value the allegations of the petition. *Penn v. State*, 282 Ark. 571, 670 S.W.2d 426 (1984).

Error coram nobis is an extraordinarily rare remedy, more known for its denial than its approval. *White v. State*, 2015 Ark. 151, 460 S.W.3d 285. The remedy is exceedingly narrow and appropriate only when an issue was not addressed or could not have been addressed at trial because it was somehow hidden or unknown. *Clark v. State*, 358 Ark. 469, 192 S.W.3d 248 (2004). The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition had it been known to the trial court and that, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *White*, 2015 Ark. 151, 460 S.W.3d 285.

SLIP OPINION

Coram-nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Westerman v. State*, 2015 Ark. 69, 456 S.W.3d 374. This court has recognized four categories of error for which the writ is available: (1) insanity at the time of trial; (2) a coerced guilty plea; (3) material evidence withheld by the prosecutor; (4) a third-party confession to the crime during the time between conviction and appeal. *Noble*, 2015 Ark. 141, 460 S.W.3d 774. The writ is issued only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *White*, 2015 Ark. 151, 460 S.W.3d 285.

A brief summary of the facts established by the evidence presented at trial is necessary to understand the issues that Moten raises in his petition. The trial testimony established that Iesha Timmons and Curtis Abrams were at a club in Stuttgart for a birthday party. Moten's friend, Jonathan Jones, approached Timmons while she was dancing. Timmons pushed Jones away when he placed his hands down the back of her pants. Abrams intervened, and Jones ended up on the floor with Abrams standing over him. At this point, Moten came up behind Abrams. Timmons saw Moten striking Abrams, and she pulled Moten away. She then realized that her arm was cut. Abrams had been stabbed in the back, the side, and the buttocks with a knife. Timmons's wounds were not serious, but Abrams's were. His wounds required hospitalization and surgery.

Moten was convicted at a bench trial, and the Arkansas Court of Appeals affirmed the judgment. *Moten v. State*, 2011 Ark. App. 417. Moten unsuccessfully pursued postconviction relief under Arkansas Rule of Criminal Procedure 37.1 (2015), and this court affirmed the denial of relief. *Moten v. State*, 2013 Ark. 503 (per curiam).

In his petitions, Moten alleges that the State withheld evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), as his proposed grounds for the writ. Specifically, he points to an incident report filed by police officer Allison Davis, an affidavit stating facts to support probable cause for his arrest warrant, and Jones's criminal history as evidence that he alleges the State suppressed.

To establish a *Brady* violation by the State as grounds for coram-nobis relief, the evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; the evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued. *Isom*, 2015 Ark. 225, 462 S.W.3d 662. Assuming that the evidence otherwise meets the requirements of a *Brady* violation, and is both material and prejudicial, the withheld evidence must also have been such as to have prevented rendition of the judgment had it been known at the time of trial, that is, the petitioner must demonstrate that there is a reasonable probability that the judgment of conviction would not have been rendered, or would have been prevented, had the information been disclosed at trial. *See Camp v. State*, 2012 Ark. 226 (per curiam). Moten fails to allege a *Brady* violation that would provide grounds for the writ because the evidence that he alleges was withheld would not have prevented rendition of the judgment if it had been known at the time of trial.

Moten contends that the suppressed items would have furthered his claim of an illegal arrest. He asserts that the initial incident report and other items show that the statements in the probable-cause affidavit were false and therefore insufficient to establish probable cause for his arrest. As this court noted in our opinion affirming the denial of Moten's petition for postconviction relief, a challenge to the probable cause for the warrant or the validity of an

arrest, without more, does not bring the outcome of the proceedings into question. *See Singleton v. State*, 256 Ark. 756, 510 S.W.2d 283 (1974); *see also Mauppin v. State*, 309 Ark. 235, 831 S.W.2d 104 (1992) (holding that an illegal detention will not void a subsequent conviction). An illegal arrest, standing alone, does not vitiate a valid conviction. *Chestang v. State*, 2015 Ark 372 (per curiam) (citing *Biggers v. State*, 317 Ark. 414, 878 S.W.2d 717 (1994)).

In conjunction with this argument, Moten contends that he was unfairly singled out for prosecution because he declined to provide a statement concerning the events. Even if Moten could demonstrate that the prosecution lacked a sufficient basis for the arrest or that his arrest was illegal, such proof would not have prevented rendition of the judgment or establish the requisite prejudice to support issuance of the writ. To the extent that Moten may assert trial error or insufficient evidence concerning this issue, the claims are not within the purview of a coram-nobis proceeding. *Carter v. State*, 2015 Ark. 397 (per curiam).

Moten also contends that the allegedly withheld evidence could have been used to impeach Jones and a police investigator, Detective Mark Duke. Moten admits, however, that neither Jones nor Duke testified at trial. Moten has therefore not shown that the allegedly withheld evidence could have been used for impeachment purposes and produced a different result at trial. He cannot demonstrate a reasonable probability that the judgment would not have been rendered if the evidence had been available to impeach the witnesses.

Moten also contends that the evidence might have been used to better present Jones as an alternate suspect, but he does not explain how the evidence may have been used at trial other than for impeachment purposes. Moten appears to contend that the incident report and other information allegedly withheld make it clear that Timmons did not see who cut her or

SLIP OPINION

stabbed Abrams, but that fact was brought out on cross-examination at trial.  Moten does not demonstrate that there was additional information in the allegedly withheld evidence that was not brought out at the trial.

Moten fails to allege facts to support his allegations that material evidence was withheld that would have prevented the rendition of the judgment had it been known at the time of trial; therefore, he fails to provide grounds for issuance of the writ.  *See Williamson v. State*, 2015 Ark. 373, ___ S.W.3d ___ (per curiam).  The proposed attack on the judgment does not appear meritorious, and Moten has not stated cause to support reinvesting jurisdiction in the trial court for coram-nobis proceedings.  Although the State contends that Moten has not pursued his claims with diligence, we need not consider whether Moten was diligent because he failed to present grounds to support issuance of the writ.  *See Barnett v. State*, 2015 Ark. 190, 461 S.W.3d 683 (per curiam).

Amended petition treated as substituted petition; motion for hearing treated as amended petition; petitions denied.