2016 Ark. 82

**Abraham GRANT, Petitioner**

**v.**

**STATE of Arkansas, Respondent**

**No. CR–03–1181**

Supreme Court of Arkansas.

Opinion Delivered February 25, 2016

PER CURIAM

In 2003, petitioner Abraham Grant was found guilty by a jury of capital murder in the shooting death of Rosetta Pittman and first-degree battery in the wounding of Louise Perry. An aggregate sentence of life imprisonment without parole was imposed. We affirmed. *Grant v. State,* 357 Ark. 91, 161 S.W.3d 785 (2004).

In 2007, Grant filed in the trial court a petition for postconviction relief that was denied, and he appealed to this court. We dismissed the appeal. *Grant v. State,* CR-07-784, 2008 WL 616056 (Ark. Feb. 7, 2008) (unpublished per curiam).

In 2010, Grant petitioned this court to reinvest jurisdiction in the trial court so that he could proceed with a petition for writ of error coram nobis. The petition was denied. *Grant v. State,* 2010 Ark. 286, 365 S.W.3d 894 (per curiam). In 2014, Grant filed a second such petition, which was also denied. *Grant v. State,* 2014 Ark. 466, 2014 WL 5784447 (per curiam). On February 26, 2015, Grant filed his third coram-nobis petition, which was denied. *Grant v. State,* 2015 Ark. 159, 2015 WL 3548784 (per curiam). On July 10, 2015, Grant filed a fourth coram-nobis petition. The petition was dismissed as an abuse of the writ because it raised grounds that this court had already addressed when we considered an earlier petition. *Grant v. State,* 2015 Ark. 323, 469 S.W.3d 356 (per curiam).

Now before us is Grant's fifth petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis. The petition for leave to proceed is necessary because the trial court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Newman v. State,* 2009 Ark. 539, 354 S.W.3d 61. A writ of error

coram nobis is an extraordinarily rare remedy. *State v. Larimore,* 341 Ark. 397, 17 S.W.3d 87 (2000). Coram-nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Id.* The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented the judgment's rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Newman,* 2009 Ark. 539, 354 S.W.3d 61. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Roberts v. State,* 2013 Ark. 56, 425 S.W.3d 771.

■ The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Id.* A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a |₃third-party confession to the crime during the time between conviction and appeal. *Howard v. State,* 2012 Ark. 177, 403 S.W.3d 38.

■ As grounds for reinvesting jurisdiction in the trial court, Grant alleges that the State did not provide him with information that could have been used by the defense to impeach witness Louise Perry, who was present when the victim was shot and who was wounded when one of the bullets that passed through Pittman's body struck her. The petition is not entirely clear, but it appears that Grant is asserting that the impeachment evidence took the form of alleged coercion by the police that forced Perry to accuse him of being the shooter. He argues that it was a violation of due process of law for him to be convicted by the State's use of Perry's coerced statement when the jury was unaware of the coercion. He further contends that examination of the bullets removed from Pittman and Perry did not produce any evidence that he was the perpetrator, which renders the evidence insufficient to sustain the judgment.

■ Grant has not stated a ground for the writ. Perry testified at trial, and her testimony was subject to cross-examination by the defense so that the circumstances under which her pretrial statements were made to police could have been brought out. Grant's allegations concerning Perry's testimony and the failure of the State to produce evidence of his guilt from the examination of the bullets amount to assertions, not that the State concealed evidence from the defense; rather, the evidence adduced at trial did not support a finding of guilt. Issues concerning the sufficiency of the evidence or the credibility of witnesses are matters to be settled at trial and are not cognizable in coram-nobis proceedings. *See Pinder v. State,* 2015 Ark. 423, at 4–5, 474 S.W.3d 490 (per curiam).

■ |₄As to Grant's claim that the State withheld impeachment evidence, the wrongful withholding of material, exculpatory evidence by the State is a violation of the provisions of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and cognizable in a coram-nobis proceeding. Impeachment evidence that is material, as well as exculpatory, falls within the *Brady* rule. *United States v. Bagley,* 473 U.S. 667, 682, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985).

■ A *Brady* violation is established when material evidence favorable to the defense is wrongfully withheld by the State. *Isom v. State,* 2015 Ark. 225, 462 S.W.3d 662. In *Strickler v. Greene,* 527

U.S. 263, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999), the Supreme Court revisited *Brady* and declared that, when the petitioner contends that material evidence was not disclosed to the defense, the petitioner must show that "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Strickler,* 527 U.S. at 280, 119 S.Ct. 1936 (quoting *Bagley,* 473 U.S. 667, 682, 105 S.Ct. 3375). In *Strickler,* the Court also set out the three elements of a true *Brady* violation: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; and (3) prejudice must have ensued. *Strickler,* 527 U.S. 263, 119 S.Ct. 1936; *see also Howard,* 2012 Ark. 177, 403 S.W.3d 38. To determine whether the proposed attack on the judgment is meritorious so as to warrant the granting of permission to reinvest jurisdiction in the trial court to pursue a writ of error coram nobis, this court looks to the reasonableness of the allegations of the petition and to the existence of the probability of the truth of those claims. *Isom,* 2015 Ark. 225, 462 S.W.3d 662.

The petitioner raising a claim of suppression of exculpatory evidence must establish with facts that evidence favorable to the defense was concealed. *Howard,* 2012 Ark. 177, 403 S.W.3d 38; *see also Barnett v. State,* 2015 Ark. 190, 461 S.W.3d 683 (per curiam). Here, Grant offers no substantiation for his conclusory statement that the State withheld evidence; thus, his claim fails because the petition lacks the factual support for the allegations that is required before the writ can issue. *Howard,* 2012 Ark. 177, 403 S.W.3d 38.

The onus is entirely on the petitioner in a coram-nobis proceeding to establish with facts that information was concealed from the defense and that the issue could not have been determined with certainty at the time of trial. *Barnett,* 2015 Ark. 190, at 5, 461 S.W.3d at 687. As stated, coram-nobis proceedings are attended by a strong presumption that the judgment of conviction is valid, and a court is not required to accept at face value the allegations of the petition. *Cloird v. State,* 357 Ark. 446, 450, 182 S.W.3d 477, 479 (2004). The application for the writ must make a full disclosure of specific facts relied on and not merely state conclusions as to the nature of such facts. *Penn v. State,* 282 Ark. 571, 575, 670 S.W.2d 426, 428 (1984).

Finally, we find that Grant has not acted with due diligence in bringing his claims. This court has consistently held that due diligence is required in making application for coram-nobis relief, and, in the absence of a valid excuse for delay, the petition will be denied. *Cloird,* 357 Ark. 446, 182 S.W.3d 477. This court will itself examine the diligence requirement and deny a petition where it is evident that a petitioner failed to proceed diligently. *Roberts,* 2013 Ark. 56, at 12, 425 S.W.3d 771, 778.

Due diligence requires that (1) the defendant be unaware of the fact at the time of trial; (2) the defendant could not have, in the exercise of due diligence, presented the fact at trial; and (3) upon discovering the fact, the defendant did not delay bringing the petition. *Id.* Grant was found guilty in 2003, and the judgment was affirmed in 2004. He filed the instant petition on December 29, 2015, and has filed four prior petitions in his court. He does not explain in the instant petition why he could not bring his claims for coram-nobis relief in a more timely fashion or even explain when, or how, he obtained

whatever specific information is alleged to underlie his allegations. The burden is on the petitioner in a coram-nobis proceeding to establish with due diligence that the judgment in his case was rendered while there existed some fact extrinsic to the record that would have prevented its rendition had it been known to the trial court and which, through no negligence or fault of the petitioner, was not brought forward before rendition of the judgment. *Williamson v. State*, 2015 Ark. 373, 471 S.W.3d 633 (per curiam). Grant has not met that burden.

Petition denied.