SLIP OPINION

Cite as 2016 Ark. 192

# SUPREME COURT OF ARKANSAS.

No. CR-10-980

|  |  |
|---|---|
| ROBERT JOSEPH MOTEN<br>PETITIONER<br><br>V.<br><br>STATE OF ARKANSAS<br>RESPONDENT | **Opinion Delivered** April 28, 2016<br><br>PRO SE SECOND PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS; PRO SE MOTION FOR PERMISSION TO FILE A RESPONSE TO THE STATE'S RESPONSE<br>[ARKANSAS COUNTY CIRCUIT COURT, NO. 01CR-07-109]<br><br><u>PETITION DISMISSED; MOTION MOOT</u>. |

**PER CURIAM**

Petitioner Robert Joseph Moten is incarcerated in the Arkansas Department of Correction pursuant to a 2010 judgment reflecting his convictions on one count of first-degree battery and one count of second-degree battery with an aggregate sentence of 264 months' imprisonment. Moten was convicted at a bench trial, and the Arkansas Court of Appeals affirmed his convictions. *Moten v. State*, 2011 Ark. App. 417. Now before this court is Moten's second pro se application to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis, and Moten's motion for permission to file a response to the State's response. For the reasons set forth below, the petition is dismissed and the motion is moot.

SLIP OPINION

A writ of error coram nobis is an extraordinarily rare remedy more known for its denial than its approval. *Howard v. State*, 2012 Ark. 177, at 4, 403 S.W.3d 38, 42–43. Coram-nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Id.* The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Id.* The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Id.* The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Id.* We have held that a writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Id.*

In September 2015, Moten filed in this court his first petition and an amended petition for coram nobis relief. In the amended petition, Moten alleged that he was entitled to relief because evidence was withheld by the prosecution in violation of *Brady v. Maryland*, 373 U.S. 83 (1986). Specifically, Moten alleged that the prosecutor withheld the following documents: an incident report filed by Officer Allison Davis wherein the victim, Iesha Timmons, did not identify Moten as her assailant; an affidavit of probable cause subsequently completed by Detective Duke affirming that Moten had been identified as the assailant by Timmons; and a criminal-history report of Jonathan Jones, Moten's friend who was present at the scene. Moten alleged in his petition that he was prejudiced by the suppression of this

evidence because the contradiction between Timmons's initial statement and the probable-cause affidavit executed by Detective Duke would have undermined the validity of the arrest warrant and the strength of the State's case, and evidence of Jones's criminal history would have created reasonable doubt by shifting suspicion to Jones as the perpetrator.

We considered the amended petition as a substituted petition and, on January 21, 2016, entered an order that denied relief. We found no *Brady* violation, noting that Timmons's initial failure to identify Moten as her assailant was addressed on cross-examination at trial and that challenging the probable-cause affidavit for Moten's arrest would not have prevented the rendition of the judgment because an illegal arrest, standing alone, does not vitiate a valid conviction. *Moten v. State*, 2016 Ark. 18, 479 S.W.3d 546 (per curiam) (citing *Chestang v. State*, 2015 Ark. 372 (per curiam)).

In his second coram-nobis petition, Moten again makes a *Brady* claim and identifies the same evidence that he had identified in his previous petition as being withheld by the prosecution. Moten advances the same claims but amplifies his factual allegations by contending that Davis's incident report would have discredited the State's key witness, Iesha Timmons. Otherwise, Moten reiterates the claim that disclosing the probable-cause affidavit would have demonstrated that Detective Duke had manufactured evidence in support of an invalid arrest warrant and that disclosing Jones's criminal history would have implicated Jones.

We have held that we will not exercise our discretion to permit a successive application for the writ of error coram nobis if the petitioner is abusing the writ by alleging the same grounds without additional facts sufficient to provide grounds for the writ. *Allen*,

2014 Ark. 368, at 5-6, 440 S.W.3d at 332-33. A court has the discretion to determine whether the renewal of an application for a coram-nobis petition will be permitted when a petitioner raises additional facts in support of the same claim for relief. *Rodgers v. State*, 2013 Ark. 294, at 3–4 (per curiam); *see also Jackson v. State*, 2010 Ark. 81 (per curiam); *United States v. Camacho-Bordes*, 94 F.3d 1168 (8th Cir. 1996) (res judicata did not apply to bar a second petition for writ of error coram nobis, but abuse-of-writ doctrine was applied to subsume res judicata).

Here, as stated, Moten alleges the suppression of the same evidence identified in the first coram-nobis petition. Moten also fails to allege facts in the petition now before us that are sufficient to distinguish his instant claim of a *Brady* violation from the claim that he advanced in his first petition. Although expanded in Moten's second petition, the allegation that the allegedly suppressed evidence would have discredited Timmons was raised in the first petition and rejected because Timmons's failure to initially identify Moten as the assailant was explored on cross-examination. Moreover, Moten does not add sufficient facts to explain how challenging an alleged discrepancy in the probable-cause affidavit supporting his arrest would have prevented the rendition of the judgment. *Chestang*, 2015 Ark. 372, at 3. Finally, Moten does not explain how evidence of Jones' criminal history would have been admissible at Moten's trial. *Zinger v. State*, 313 Ark. 70, 75, 852 S.W.2d 320, 323 (1993) (evidence which does no more than create an inference or conjecture as to another's guilt is inadmissible).

Moten did not establish a basis for issuance of the writ in his first petition, and his reassertion of essentially the same claims in the instant petition is a misuse of the remedy.

Moten has again failed to show that the State withheld information that would have resulted in a different outcome in the proceedings.  Accordingly, the petition is dismissed.  Because the petition is dismissed, Moten's motion to file a response to the State's response is moot.

Petition dismissed; motion moot.